**BRANTINGHAM, Plaintiff, v. OSTROVECKY, Defendant.**

Municipal Court, Euclid (City).

No. 84.  Decided November 3, 1952.

Fred J. Livingstone of Livingstone & Livingstone, Cleveland, for plaintiff.

Paul Mancino, Cleveland, for defendant.

### OPINION

By BURNS, J:

Plaintiff's residents of Cleveland, Ohio, filed their petition in Euclid Municipal Court against defendant, a resident of South Euclid, Ohio.

Plaintiff's petition alleged that a collision occurred between the automobiles of the parties at the intersection of East 55th Street and Memorial Highway in the City of Cleveland, Ohio, and prayed for judgment. in the sum of $383.52 and costs.

SUMMONS was issued and MAIL SERVICE was had upon the defendant at his residence in South Euclid, Ohio.

MOTION TO QUASH service of SUMMONS, with SUPPORTING BRIEF, was filed by defendant on the following grounds:

1. That this court has no jurisdiction over the subject matter of this action.

2. That this court has no jurisdiction over any of the parties to this action.

To the MOTION TO QUASH service of summons, plaintiffs filed their ANSWER BRIEF.

SUPPLEMENTAL BRIEF in support of MOTION TO QUASH SUMMONS was subsequently filed by defendant and thereafter the following pleadings were timely filed:

ANSWER to defendant's SUPPLEMENTAL BRIEF.

REPLY BRIEF to ANSWER BRIEF of Plaintiff.

ANSWER to defendant's REPLY BRIEF.

To support his contention "That this court has no jurisdiction over the subject matter of this action" and "that this court has no jurisdiction over any of the parties of this action," defendant cites §1582 GC which provides as follows:

"The Municipal Courts established by §1581 GC shall have jurisdiction within the corporate limits of their respective Municipal Corporations. . . . ."

Bailiff's return of service showing summons served by mail at the residence of the defendant in South Euclid, Ohio, is not in dispute, nor is it disputed that Cleveland, Euclid, and South Euclid are municipalities within Cuyahoga County, Ohio. Plaintiff contends that jurisdiction of this court over non residents is conferred by virtue of §1595 —Subsections "E" and "H" GC and §6308 GC which provide as follows:

Sec. 1595. "Subject to §1593 GC, a municipal court shall have jurisdiction within the limits of the county or counties in which its territory is situated:" . . . .

"E" "and in all civil actions for the recovery of Money Only where the amount claimed by the plaintiff exceeds the exclusive jurisdiction of justices of the peace;"

"H" "In any action for injury to person or property caused by the negligent operation of a motor vehicle, as provided by §§6308 and 6308-1 GC;"

Sec. 6308 GC. "Actions for injury to a person or property, caused by the negligence of the owner or operator of a motor vehicle, may be brought, by the person injured, against such owner or operator in the county wherein such injury occurs."

SECTION 1593 OF THE GENERAL CODE REFERRED TO IN SECTION 1595 READS AS FOLLOWS:

"A municipal court shall have original jurisdiction only in those cases where the amount claimed by any party, or the appraised value of the personal property sought to be recovered, does not exceed two thousand dollars; . . . ."

The jurisdiction of justices of the peace as to amount referred to in §1595 "E" GC above is governed by §10226 GC:

Sec. 10226 GC. "Under the restrictions and limitations provided in this chapter, justices of the peace shall have exclu-

sive original jurisdiction in civil actions for the recovery of sums not exceeding one hundred dollars. . . ."

This court is called upon to interpret §§1582, 1595 "E" and "H" and 6308 GC, and the effect of these sections on the jurisdiction of this court:

1. Over parties who are admittedly residents of Cuyahoga County, Ohio, but not residents of nor served with summons within the territorial limits of the court and—

2. Over a cause of action which arose outside of the territorial limits but within the county wherein the court is located and—

3. In the issuance and service of summons beyond the territorial limits of the court.

For a determination of these questions, we must consider legislative enactment. The power of the legislature to establish inferior courts of record and to define their jurisdiction is contained in **Article 4, Section 1, of the Ohio Constitution;**

**CONSTITUTION—ARTICLE IV—SECTION 1.**

"The judicial power of the state is vested in a supreme court, courts of appeals, courts of common pleas, courts of probate, and such other courts inferior to the courts of appeals as may from time to time be established by law."

The courts of Ohio have consistently held that the legislature has the power to create these courts and to define jurisdiction over defendants and subject matter. See **Miller v. Eagle, 96 Oh St 106,** wherein it was held;

"The legislature may provide for the creation of Municipal Courts in Municipal Corporations and may prescribe the procedure and practice before each of these courts."

See also Mendelson v. Miller 11 O. N. P. (N. S.) 586, wherein it was held;

"The General Assembly establishes a court when it enacts that there shall be a court, fixes the number of judges, defines the jurisdiction and prescribes the procedure to be followed therein."

The Euclid Municipal Court was established by act of legislature on June 13th, 1951. The act which created this court, among others, is generally referred to as the Uniform Municipal Court Act. Uniformity in procedure and jurisdiction in the various municipal courts of the state was the apparent objective of the legislature. This difficult undertaking was accomplished with commendable results. In many instances the legislature was compelled to designate the jurisdictional boundaries of the court beyond the territorial limits of the court.

If the legislature wished to create a court and confine its jurisdiction over persons and subject matter to the City of

Euclid, it could have done so. On the other hand, if the legislature wished to create a court and give the jurisdiction over person and subject matter within the county, it could have done so. It was solely a question of legislative desire and intent.

And since Uniformity was the apparent objective of the legislature, the Uniform Municipal Court Act "§§1581 and 1617 GC" was passed establishing the following classes of jurisdiction: (Only those parts are set forth herein that are deemed pertinent and applicable to the questions involved in the MOTION TO QUASH).

### ORIGINAL JURISDICTION: AMOUNT INVOLVED: GENERAL CODE 1593

A municipal court shall have original jurisdiction only in those cases where the amount claimed by any party, or the appraised value of the personal property sought to be recovered, does not exceed two thousand dollars;

### ORIGINAL JURISDICTION: TYPE OF ACTION: GENERAL CODE 1594

Subject to §1593 GC, a municipal court shall have original jurisdiction within its territory:

(B) In any action or proceeding at law for the recovery of money or personal property of which the court of common pleas has or may be given jurisdiction;

### JURISDICTION WITHIN THE LIMITS OF COUNTY OR COUNTIES: GENERAL CODE 1595

Subject to §1593 GC a municipal court shall have jurisdiction within the limits of the county or counties in which its territory is situated: . . . .

"E" and in all civil actions for the recovery of MONEY ONLY where the amount claimed by the plaintiff exceeds the exclusive jurisdiction of justices of the peace;

"H" In any action for injury to person or property caused by the negligent operation of a motor vehicle, as provided by §§6308 and 6308-1 GC.

The territory referred to in §1594 GC is defined in §1583 GC, the pertinent parts of which it provides as follows:

**Sec. 1583 GC.** "**Territory** as used in §§1584 to 1617, inclusive, GC, means the geographical areas within which municipal courts have jurisdiction as provided §§1581 and 1582 GC."

It is further provided in §1582 GC that "The Municipal courts, established by §1581 GC, shall have jurisdiction within the corporate limits of their respective municipal corporations and shall be courts of records. . . .

"The following named municipal courts shall also have jurisdiction as herein designated;"

A study of §1582 GC reveals that the legislature provided

that certain designated courts should have jurisdiction beyond their municipal boundry lines extending into various adjoining towns and villages; and in extending county and adjoining county jurisdiction to Fostoria Municipal Court, the legislature provided that "The Fostoria Municipal Court shall have jurisdiction within Loudin and Jackson Townships in Seneca County, Washington Township in Hancock County and Perry Township in Wood County;"

And in §§1593, 1594 and 1595 GC, the legislature provided an exception in the case of the municipal court of Cleveland, in jurisdictional amount, real property proceedings, execution proceedings and proceedings for the marshalling of liens. The power of the court to issue summons outside of its territory is conferred by §1596 GC, in the following language:

GENERAL CODE 1596

Powers of court. In any action or proceeding of which a municipal court has jurisdiction, the court or any judge thereof shall also have power:

(A) To issue process, . . . . and to exercise such other powers as may be necessary to give effect to the jurisdiction of the court and to enforce its judgments, orders, or decrees;

The original jurisdiction, in MONEY ONLY cases, provided in §1593 GC (Referred to in §1595 "E" GC), limits the amount claimed to two thousand dollars. The original jurisdiction of the Justice of the Peace (referred to in §1595 "E" GC), is one hundred dollars as provided in §10226 GC.

The Uniform Municipal Court Act, by virtue of §1595 "E" and "H" GC, gives this court jurisdiction within the limits of the county in MONEY ONLY cases, where the amount claimed exceeds one hundred dollars, but does not exceed two thousand dollars and in actions for damages to persons or property arising through the negligent operation of a motor vehicle within the county. Defendant contends that §§1582, 1595 and 1603 GC, the jurisdiction sections of the Uniform Municipal Court Act are inconsistent. It is the judgment of this court, however, that these sections are in Pari Materia.

1. In §1582 GC, geographical boundaries of a territory are defined for one class of jurisdiction to be exercised by a municipal court within its boundaries.

2. In §1595 GC, additional classes of jurisdiction are conferred on a municipal court to be exercised by it within a county or counties wherein its territory is located.

3. In §1603 GC, the manner in which "Writs and process in a municipal court shall be served" is provided for.

Defendant is a resident of the City of South Euclid, which is within Cuyahoga County, Ohio. Euclid Municipal Court is also within Cuyahoga County. The action brought is for

MONEY ONLY and the amount claimed, namely, $383.52, is in excess of the exclusive jurisdiction of the Justice of the Peace, but within the two thousand dollar jurisdictional maximum of Euclid Municipal Court. It is the judgment of this court that Euclid Municipal Court does have jurisdiction over the subject matter. as well as the parties to this action.

DEFENDANT'S MOTION TO QUASH SERVICE OF SUMMONS IS OVERRULED.

Defendant given leave to plead by November 13, 1952.