**STATE ex CHAPUTA, Plaintiff-Relator, v. WEAVER, JUDGE OF MIAMISBURG MUNICIPAL COURT, Defendant-Respondent.**

Ohio Appeals, Second District, Montgomery County.

No. 2328. Decided May 31, 1955.

Withrow & Hutton, Dayton, By Robert J. Withrow, Jr., Of Counsel, for plaintiff-relator.

John P. McHugh, Dayton, for defendant-respondent.

## OPINION

By MILLER, PJ:

This is an original action in prohibition in which a writ is sought enjoining the respondent, a Judge of the Municipal Court of Miamisburg, Montgomery County, Ohio, from hearing and deciding a criminal case pending in said court in which the relator is charged with the violation of §4511.19 R. C., to-wit: operating a motor vehicle while intoxicated.

The petition alleges that the offense was committed outside of the corporation limits of the City of Miamisburg, but within the limits of Montgomery County; that the affidavit was filed by an officer of the State Highway Patrol, a plea of not guilty entered, and that the respondent has assigned the case for trial; that unless restrained by this Court the respondent will proceed to hear and decide the case. The order is sought upon the ground that the Court has no jurisdiction to render a final judgment.

A demurrer to the petition has been filed; hence only a question of law is presented. The law seems to be well established that prohibition is a proper remedy when a court is attempting to exceed its jurisdiction in a criminal matter, even though a right of appeal is available to the accused. **State ex v. Vamos, 144 Oh St 628; 18** Ann. Cases, 263; **State ex Hartinger v. Court of Common Pleas, 84 Oh Ap 241.**

We next give consideration to the jurisdictional question presented. An examination of the statutes of Ohio discloses that prior to the enactment of §4511.19 R. C., which became effective on October 21, 1953, and which defines the offense of operating a motor vehicle while intoxicated, the statute defining the same offense was §4507.37 R. C. (§6296-30 GC), which was repealed on said date. 125 O. Laws, 461. Prior to the repeal, jurisdiction was conferred upon all courts of record for this violation by §6296-16 GC, which provided:

"* * * For the purpose of enforcing the provisions of this act, any court of record now having criminal jurisdiction shall have county-wide jurisdiction within the county in which it is located to hear and finally determine cases arising under the provisions of this act."

However, this Section of the Code was revised as of the same date by the enactment of §4507.15 R. C., which now provides:

"* * *

"For the purpose of enforcing §§4507.01 to 4507.39, inclusive, R. C., any court of record having criminal jurisdiction shall have county-wide jurisdiction within the county in which it is located to hear and finally determine cases arising under such sections."

It will be noted that §4511.19 R. C. is not included in the statutes enumerated above which give county-wide jurisdiction in certain criminal cases to courts of record. Since it is not included, the jurisdiction of the respondent is limited to that defined by statute relating to municipal courts. This is found in §1901.20 R. C., and provides:

"The municipal court has jurisdiction of the violation of any ordinances of any municipal corporation within its territory and of any misdemeanor committed within the limits of its territory. In all such prosecutions and cases, the court shall proceed to a final determination thereof. The court has jurisdiction to hear felony cases committed within its territory and to discharge, recognize, or commit the accused. **The court also has jurisdiction within the limits of the county or counties in which its territory is situated of those crimes and offenses which are within the county-wide jurisdiction of justices of the peace.**" (Emphasis ours.)

The "territory" of the Miamisburg Municipal Court is defined by §1901.03 R. C. as being the corporate limits of the City of Miamisburg. Therefore, the offense charged was not committed within the "territory" of the Municipal Court, but in Montgomery County. Since the county-wide jurisdiction of the respondent in criminal matters is the same as that of a justice of the peace, we shall therefore refer to §2931.02 R. C., which defines his jurisdiction as follows:

"A justice of the peace is a conservator of the peace and has jurisdiction in criminal cases throughout the township in which he is elected and where he resides, and county-wide jurisdiction in all criminal matters only upon affidavit or complaint filed by the prosecuting attorney or upon affidavit or complaint made by the sheriff, the party injured, or any authorized representative of a state or federal department, in the event there is no other court of concurrent jurisdiction other than the court of common pleas, police court, or mayor's court, and on view or on sworn complaint, to cause a person, charged with the commission of a felony or misdemeanor, to be arrested and brought before him or another justice of the peace, and, if such person is brought before him, to inquire into the complaint and either discharge or recognize him to be and appear before the proper court at the time named in such recognizance, or otherwise dispose of the complaint."

It is to be noted that a justice is authorized to do one of three things: (1) Discharge the prisoner; (2) Recognize him for appearance before the proper courts, or (3) Otherwise dispose of the complaint. It is said in **24 O. Jur., Sec 194, page 395:**

"The power of a justice of the peace to try, and convict, is invariably limited to minor offenses of which in many cases he has exclusive jurisdiction. Unless an offense is one of those of which the justice is given jurisdiction by statute, his jurisdiction is confined to that of an examining magistrate, or to disposing of the case as provided in other sections of the General Code."

Jurisdiction to try the offense charged in the affidavit under §4511.19 **R. C.** is not given to a justice of the peace by statute; hence, his jurisdiction is confined to that of an examining magistrate, or disposing of the case as provided in other sections of the Code.

Among the other sections referred to which are applicable we find §2937.11 **R. C.,** which provides:

"When an accused is brought before a magistrate, and there is no plea of guilty, he shall inquire into the complaint in the presence of the accused. If it appears that an offense has been committed, and there is probable cause to believe the accused guilty, the magistrate shall

order him to enter into a recognizance with good and sufficient surety, in such amount as is found to be reasonable, for his appearance at a proper time and before the proper court, otherwise the accused shall be discharged from custody. If the offense charged is a misdemeanor and the accused, in a writing subscribed by him and filed before or during the examination, waives a jury and submits to be tried by the magistrate, he may render final judgment."

Under the provisions of this section the justice has final jurisdiction only when the required waiver and consent to be tried are properly filed. The requirements of this statute have not been complied with in order to confer final jurisdiction on the respondent. The petition is silent as to waiver, but it must be assumed that none was filed, for it states that:

"Said respondent has set said cause as a jury trial on February 17, 1955, at 9:30 A. M."

It must also be inferred from this allegation that a plea of not guilty was entered. Furthermore, waiver and consent are affirmative defenses and must be pleaded before being given consideration.

The case of **State v. Ferguson, 96 Oh Ap 297,** by this Court, is not in conflict with the conclusion we have reached herein, for the reason that in the cited case the offense was committed in February, 1953, which was prior to the repeal of §4507.37 R. C. (§6296-30 GC) and the amendment of §4507.15 R. C. (§6296-16 GC).

The writ will be allowed.

HORNBECK and WISEMAN, JJ, concur.