THE STATE OF OHIO *v.* KUSHLAN.

(Nos. 83-CRB-2988-S, -2989-S, and -2990-S—Decided January 10, 1984.)

Willoughby Municipal Court.

*Mr. William Gargiulo,* for plaintiff.
*Ms. Karen D. Lawson,* for defendant.

CRANE, J. Petitioner-defendant, Kenneth Kushlan, was charged with resisting arrest, assault and aggravated disorderly conduct under state law. Briefly, Eastlake police officers were in the process of serving a felony arrest warrant for an escape from their city jail where defendant had been sentenced. The warrant was issued by the Willoughby Municipal Court. The police received a "tip" that defendant was at a bar in Cleveland, in Cuyahoga County, a county adjacent to Lake County, where the warrant was issued. Several months had lapsed between the alleged escape and the tip. The assault and companion charges arose when the officers attempted to serve the warrant and take defendant into custody. No Cleveland officers were present.

Defendant has filed a motion to dismiss alleging that this court lacks jurisdiction to hear these complaints pursuant to Ohio statutory law. The state argues that pursuant to R.C. Title 29 this court must take jurisdiction as the resisting and assault were a continuing course of conduct originating with the escape.

Defendant is raising the question of territorial jurisdiction. The question is so basic that it can be raised at any stage before the trial, or before the appellate court, or even collaterally in subsequent or separate proceedings.

At the outset, this court notes that the authority of the municipal court is more limited than that of the courts of general jurisdiction. As successor courts to the old justice of the peace courts, the municipal courts are statutory courts. 22 Ohio Jurisprudence 3d 570-571, Sections 354-355; R.C. 1901.13 *et seq.; State* v. *Human* (1974), 56 Ohio Misc. 5 [10 O.O.3d 164]. The Municipal Court Act of 1951, R.C. 1901.01 *et seq.,* as amended, defines the municipal court's jurisdiction in both civil and criminal matters as "territorial," see R.C. 1901.02, nor does it attempt to distinguish among jurisdiction of the subject matter, jurisdiction of the person and venue.

As commonly used, "jurisdiction" refers to the judicial power to hear and finally determine a dispute. Jurisdiction can thus be defined as the power to hear an offense on the basis of *where* the several elements of the offense took place. "Venue" commonly refers to the *appropriate* place of trial for a dispute, it being *assumed* that the court has subject matter or territorial jurisdiction. *State* v. *Loucks* (1971), 28 Ohio App. 2d 77 [57 O.O.2d 160]; 22 Ohio Jurisprudence 3d, Courts and Judges, Section 300.

The analyses set forth in case precedent originate with common pleas courts, constitutional courts of general jurisdiction, and thus appear to assume subject matter jurisdiction. The few cases that struggle with territorial jurisdiction often

blur the distinction between territorial jurisdiction and venue, see, *e.g., State* v. *Shrum* (1982), 7 Ohio App. 3d 244, even though R.C. 2901.11 and 2901.12 define jurisdiction and venue differently.

However, when analyzing the jurisdictional authority of the municipal court, the distinction between jurisdiction and venue is not appropriate. The statutory definition of this court's jurisdiction is the same as its venue, for whether the jurisdiction of a municipal court over persons or subject matter is confined to the city limits or outside them is solely a question of legislative intent. *Beacon Mut. Indemn. Co.* v. *Ostrovecky* (M.C. 1952), 66 Ohio Law Abs. 568.

The enabling statute is R.C. 1901.20, which provides in pertinent part:

"(A) The municipal court has jurisdiction of the violation of any ordinance of any municipal corporation within its *territory* * * * and of the violation of any *misdemeanor* committed *within* the *limits* of its *territory.* * * * The court has jurisdiction to hear felony cases committed within its *territory* and to discharge, recognize, or commit the accused." (Emphasis added.)

Significantly, the statute prior to amendment also provided that "[t]he court also has jurisdiction within the limits of the county or counties in which its territory is situated of those crimes and offenses which are within the county wide jurisdiction of justices of the peace." *State, ex rel. Chapute,* v. *Weaver* (1955), 100 Ohio App. 513 [60 O.O. 399].

It is thus clear that the Ohio Legislature intended to geographically narrow the power of the municipal court, not expand its power by the Municipal Court Act of 1951.

The prosecutor on behalf of the state creatively argues that this court must find jurisdiction over these matters. Cleverly he suggests that since the felony warrant originated in this court, for an escape from this territory, any matters arising as a continuous course of conduct to further the escape must fall within this court's purview and should be handled herein "for the economy and efficiency of justice."

While R.C. 2901.11, relating to criminal jurisdiction, seems to confer general jurisdiction upon *all* courts of this state to enforce *state* law if the elements occurred in this state, it cannot be read except *in pari materia* with R.C. 1901.12. Thus, the state's argument must fail.

Turning to R.C. 2901.12, venue does not save the prosecutor's argument as it provides clearly in subsection (A) that the proper forum is located "in the *territory* of which the offense or any element thereof was committed" (emphasis added). Despite the concept of a continuing course of criminal conduct set forth in R.C. 2901.12(H), this court cannot find a clear legislative mandate in 2901.12(H) to leap over the territorial boundaries of the Willoughby Municipal Court and assume jurisdiction of the assault, resisting arrest and disorderly conduct charges even though such conduct was in haughty disregard of the safety of law enforcement officers from this community and the power of the court itself.

Thus, this court finds that for the purposes of determining jurisdiction of criminal matters in municipal court, the court is limited to crimes all or part of which occurred within the territorial or geographical limits of the court, and the concept of a continuing course of conduct cannot extend those limits beyond established municipal corporation boundaries.

Defendant's motion to dismiss is hereby granted.

*Motion to dismiss granted.*