DECISION AND JOURNAL ENTRY
Appellant-defendant Mark Bobinchuck appeals a judgment of the Barberton Municipal Court, entered upon his plea of no contest, convicting him of driving while under the influence of alcohol ("DUI"). This Court affirms.
 I.
On August 5, 1998, at 11:20 p.m., Officer Joe Krumich of the Copley Police Department initiated a traffic stop of Bobinchuck at South Cleveland-Massillon Road. Officer Krumich issued a citation for four charges: (1) DUI, in violation of R.C. 4511.19; (2) consumption of alcohol in a motor vehicle, in violation of R.C.4301.64; (3) weaving within marked lanes, in violation of R.C.4511.33; and (4) failure to obey stop signal, in violation of R.C.4511.13.
On February 26, 1999, Bobinchuck entered a plea of no contest to the charge of DUI. The trial court found Bobinchuck guilty of DUI, and dismissed the balance of the charges.
Bobinchuck now appeals, raising one assignment of error.
 II.
In his assignment of error, Bobinchuck claims that the Barberton Municipal Court was the improper venue for his charges. Specifically, Bobinchuck claims his conviction is void since the proceeding should have taken place in the Akron Municipal Court. This Court disagrees.
Generally, all Ohio courts have jurisdiction over violations of Ohio law occurring in Ohio. See R.C. 2901.11(A). More to the point, municipal courts have jurisdiction over misdemeanor offenses.[1]
See R.C. 1901.20(A)(1). The proper venue of a case is governed by R.C. 2901.12(A), which provides that " * * * a criminal case * * * shall be held in a court having jurisdiction of the subject matter, and in the territory of which the offense or any element of the offense was committed." Venue is not a jurisdictional issue. See State v. Loucks (1971), 28 Ohio App.2d 77, 85. Rather, venue is a fact that must be proven by the state at trial beyond a reasonable doubt. State v. Headley (1983), 6 Ohio St.3d 475,477.
In the instant case, Bobinchuck pled no contest to DUI before the Barberton Municipal Court, which found him guilty of the offense. In a case similar to the case at bar, this Court considered and denied a venue challenge where the defendant had been convicted after a plea of no contest: "A plea of no contest is an admission of the truth of the facts, including venue, alleged in the indictment. Crim.R. 11(B)(2). Therefore, the state is not required to prove each fact necessary for conviction.State v. Purnell (1976), 47 Ohio App.2d 261." State v. Johnson
(Jan. 11, 1989), Medina App. No. 1744, unreported.
When Bobinchuck pled no contest to the DUI charge, he released the state from its duty of proving the fact of venue at trial. See Id. Had the matter proceeded to trial, the issue of venue could have been litigated. Both parties erroneously refer to factual statements set forth in pretrial pleadings before the trial court in support of their venue arguments. However, representations made in pretrial motions as to venue issues are not factually or legally dispositive of the venue question as ultimately venue is an element properly proven at trial. See Headley, supra. Accordingly, Bobinchuck's assignment of error is overruled.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Municipal Court of Barberton, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ DONNA J. CARR
FOR THE COURT, BATCHELDER, P. J., WHITMORE, J., CONCUR.
[1] In his brief Bobinchuck inartfully blurs the concept of venue into one of "criminal jurisdiction" and "subject matter jurisdiction." Venue and subject matter jurisdiction are distinct legal concepts. While R.C. 1901.20(A)(1) provides that "[t]he municipal court has jurisdiction of the violation of any ordinance * * * and of the violation of any misdemeanor committed within the limits of its territory," the term jurisdiction here is used in the context of resolving the situs of a case. "[M]unicipal court jurisdiction has been called `territorial;' and, as such, is essentially the same as venue." State v. McNeese (Oct. 23, 1995), Warren App. No. CA93-12-108, unreported, citing State v.Kushlan (M.C. 1984), 10 Ohio Misc.2d 13, 13-14, 461 N.E.2d 37. It is well settled that venue is a fact to be proven at trial.Headley, supra. Since Bobinchuck's plea of no contest waived his right to a trial, thereby obviating the state's burden of proof as to the elements of the DUI, his venue claim was waived as well. See State v. Williams (1988), 53 Ohio App.3d 1, 5. On the other hand, subject matter jurisdiction can never be waived. See, generally, 22 Ohio Jurisprudence 3d (1980), Courts and Judges, Section 300. Therefore, Bobinchuck is improperly mixing venue with subject matter jurisdiction, and cannot circumvent his waiver by recasting the issue of venue as one of subject matter jurisdiction.