## HELBER v STATE

Ohio Appeals, 4th Dist, Hocking Co
Decided Nov 14, 1930

F. N. Redfern, Adelphi, and Louis M. Day, Chillicothe, for Helber.

Phil A. Henderson, Logan, for State.

The facts are stated in the opinion.

**MAUCK, J.**

John Helber was indicted, tried and found guilty of the unlawful manufacture of intoxicating liquor and was sentenced to the penitentiary. By this proceeding in error he seeks to reverse the judgment of conviction.

The record shows that the arresting officers found a still in operation and four men in and about the place. One of the officers testified that the defendant Helber was assisting in straining mash, which would seem to be one of the steps in the process of manufacture. This was denied by the defendant, and his own testimony and that of others tended to show that he was not engaged in the manufacturing enterprise and was only a casual visitor who dropped in to get a drink. The jury believed the testimony of the officer and we have no disposition to reverse the case upon the weight of the testimony.

A question of more difficulty is presented in relation to the competency of some of the jurors. The record shows that the grand jury had indicted at least two of the

parties found at the place where the still wes being operated and that Arch Canfield, one of the number, had at the same term been convicted under his separate indictment of the offense of unlawfully maunfacturing the identical whiskey which Helber was about to be tried for manufacturing and, of course, at the same time and place; that of the jurors called to the box in this case seven had previously sat in the Canfield case and united in returning a verdict of guilty against him. The defendant challenged the right of any or all of these seven to sit in his case. Inquiry was severally made of them and each of the proposed jurors said that he had no prejudice one way or the other and no opinion as to the guilt or innocence of Helber. The challenge of the seven for cause was overruled. The defendant thereupon in the exercise of his right of peremptory challenge caused four of the seven to be excused. He thereupon concluded that he would be unable to secure the dismissal of any more of them and did not renew his challenge against any of those in the box, including the three remaining who had sat in the Cahfield case. We think, however, that he had already sufficiently challenged the competency of all of those who had been jurors in the case against Canfield.

In **People v. Mol, 137 Mich. 692, 4 Ann. Cas. 960; 68 L. R. A. 871,** the Supreme Court of that state said:

"Jurors impaneled for the trial of one charged with accepting a bribe may be challenged for cause where it appears that a few days before they sat and rendered a verdict of guilty in the case of a co-conspirator charged with the same offense, the information being exactly alike, except in the names of the defendants, and the evidence being substantially the same. Such jurors are not 'impartial' jurors within the meaning of the Michigan Constitution."

Extensive notes are appended to this opinion in both Annotated Cases and in Lawyers' Reports Annotated embodying the authorities on both sides of this question.

In **Priestley v. Arizona, 19 Ariz. 371, 3 A. L. R. 1201,** the Supreme Court of that state went somewhat further and held that one charged with unlawfully selling intoxicating liquor is not afforded an impartial jury when the jury which tries him has already found a verdict of guilty against another person in another case depending on the same evidence of the same witnesses,

the weight of whose testimony was in question. This case is also treated by an editorial note citing a number of authorities tending to sustain that view.

In **Seaton v. State, 106 Neb. 833, 19 A. L. R. 1056,** it was held:

"Where two or more persons are jointly indicted or informed against for the commission of a single offense, and several in their trials, jurors who sat in the trial of one are thereby disqualified to sit in the trial of another."

The editors upon considering this and all the other available holdings came to this conclusion:

"According to the weight of authority a person who has served as a juror in a criminal case is not qualified to sit as a juror on the subsequent separate trial of another person charged with an offense based upon the same transaction. This rule seems to be founded on the principle that a jury who has heard and rendered a verdict in the first trial must necessarily have an opinion as to the guilt or innocence of the accused and therefore can not be said to be impartial."

**19 A. L. R. 1065.**

We conclude that the weight of authority, as well as the strength of reasoning behind the authorities, sustains the view that the several jurors whose competency was attacked in this case were not impartial jurors, and that failure to exclude them from the jury was error, unless Ohio is committed to the minority view by **Dew v. McDivitt, 31 Oh St 139.**

If we were bound by all that is said in the Dew case we would be constrained to hold that these jurors under attack were not disqualified, but we take it that we are bound only by what the court decided. That was a civil case. In that case the court only reviewed common law principles. At common law, however, previous knowledge of the facts with its resulting prejudgment was not a vice but a virtue in jurors, and it is only by virtue of our constitutional provision that impartiality is required of jurors. **People v. Mol, supra.** This is a criminal case and in criminal cases the imperative requirement of **Section 10, Article I,** of the **Ohio Constitution** is that jurors must be impartial, and neither legislative nor judicial discretion can be allowed to interfere with the accused having an impartial jury. **Palmer v. State, 42 Oh St 596.** The Dew case was decided in 1876. At that time, in addition to the

specific grounds for challenge of the prospective jurors, there was a provision now found in **11438 GC** to the effect that any petit juror might be challenged on suspicion of prejudice against or partiality for either party or other cause that may render him at the time an unsuitable juror, and it was provided that the validity of such challenge should be determined by the court. That section in its amended form is now by virtue of the last sentence of **13433-8 GC** available in a criminal case. **State v. Ellis, 98 Oh St 21.** The statute now, however, differs from its terms in 1876 when the Dew case was decided by reason of the provision subsequently added that a challenge under this section shall

"be sustained if the court has any doubt as to the jurors being entirely unbiased."

In **Lingafelter v. Moore, 95 Oh St 384,** it was held that notwithstanding that the statute had been amended after the decision in the Dew case that a great latitude of discretion should still be allowed to the trial court, and while in the Lingafelter case it was not determined just how much effect should have been given to the amendment requiring the court to sustain the challenge if the court had any doubt as to juror's qualifications, it seems apparent that the court was of the view that the amendment had been designed to accomplish something in the way of protection against a biased juror even in a civil case.

The reading of the record in this case discloses what the state knew at the time the jury was being impaneled, that is, that in the trial before the jury the sole question at issue was whether or not the jury would believe the officers of the state on the one hand, or the group of men or part of them that they found at the place where the still was in operation. It seems clear to us that these seven jurors, who had already determined that the state's witnesses were telling the truth and that some or all of the other witnesses were not telling the truth, were not in any position to say that they were not prejudiced. One is prejudiced if he has pre-judged the case. If he is prejudiced he is not impartial. If he has pre-judged the case he is not the sort of a juror that the constitution requires. The law has been specific in its protection of the accused by disqualifying for service on the petit jury one who has sat on the grand jury which has returned the indictment, but one who sits on the grand jury and hears but one side

of the case would not seem to have committed himself to the extent that he would be committed after hearing both sides and passing on the relative credibility of the witnesses for both sides.

Sec **11438 GC** in providing for the challenge of the juror on suspicion of prejudice or partiality, "or other cause that may render him at the time an unsuitable juror", ought to be so applied as to exclude from service on the jury one who has theretofore sat on a trial jury involving substantially the same facts to be adduced by the same witnesses.

The judgment is reversed and the cause is remanded for a new trial according to law.

Middleton, PJ, and Blosser, J, concur.