## KEENER v STATE

Ohio Appeals, 2nd Dist, Franklin Co

No 2298. Decided Oct 13, 1933

E. O. Ricketts, Columbus, for plaintiff in error.

Donald C. Power, City Solicitor, Columbus, for defendant in error.

## OPINION

By HORNBECK, PJ.

This is a border line case. The application of the principle of judicial notice waives the necessity of proof. It recognizes a fact to exist which is not subject to contradiction. The *danger in supporting the judgment* in this case is not in its effect on the defendant but in its egect in the trial of criminal causes. Although the utmost liberality is indulged to prevent technicalities affecting judgments even in criminal cases, yet there has been no change in the obligation enjoined upon the prose-

cution to establish every material element of the criminal offense charged. The venue is a material element of a criminal offense. We believe that it is more essential that courts require proof by evidence of all the material elements of a criminal offense than it is by liberal construction to support a judgment which no doubt will result the same upon another trial.

The prosecuting witness having testified that he lived at 1383 Fair Street, Columbus, then said that he had purchased liquor of the defendant at his residence 1272 Hope Avenue.

To convict the defendant the proof must have established beyond a reasonable doubt that the liquor was purchased in the city of Grandview Heights.

We concede that the magistrate could have taken judicial notice that there was a 1272 Hope Avenue in the city of Grandview Heights because within the jurisdiction of the Magistrate. But it was necessary to conviction in the record to go one step further and assume or take judicial notice that the witness referred to 1272 Hope Avenue in the city of Grandview Heights and not to Columbus or any other city in Ohio.

In our judgment this is extending the limits of judicial notice too far.

The judgment will, therefore, be reversed and cause remanded for further proceedings according to law.

KUNKLE and BARNES, JJ, concur.