THE STATE, EX REL. HARTINGER ET AL., *v.* COURT OF COMMON PLEAS OF PERRY COUNTY ET AL.

(No. 241—Decided December 21, 1948.)

*Mr. Chalmers Parker, Mr. Fred W. Crow, Mr. L. Crary Davis, Mr. Henry W. Cherrington* and *Mr. J. L. Meenan,* for relators.

*Mr. Dana H. Peoples,* prosecuting attorney, and *Mr. Charles D. Fogle,* for respondents.

McCLINTOCK, J. This is an action originating in this court. The petition of the relators, in substance, is as follows:

Earl D. Parker is the judge of the Court of Common Pleas of Perry county, sitting by designation of the Chief Justice of the Supreme Court of Ohio in place of U. S. McGonagle, the duly elected, qualified

and acting judge of the Court of Common Pleas of Perry county.

At the May term in the year 1948 of the Court of Common Pleas of Meigs county, the relators were indicted by the grand jury of that county for alleged conspiracy to use and use of a bulldozer belonging to Meigs county, to perform on private property work and labor amounting to nearly $100.

On August 17, 1948, the relators were duly arraigned on the indictment by the Court of Common Pleas of Meigs county, to which indictment the relators pleaded not guilty. On September 23, 1948, the state of Ohio, by Dana H. Peoples, prosecuting attorney, and Charles D. Fogle, assistant prosecuting attorney, filed its motion for a change of venue, that is, to change the trial of this action from Meigs county to some other county in the state of Ohio, for the reason that a fair and impartial trial could not be had in Meigs county.

Affidavits were filed in support of the motion and also in opposition to the motion, and on October 4, 1948, a hearing was had in the Court of Common Pleas of Meigs county before Judge Earl D. Parker, sitting as judge by assignment by the Chief Justice of the Supreme Court of Ohio. Relators were present in person and by counsel and opposed the granting of the motion and objected to the transferring of the cause to any other county in the state of Ohio, for the reason that relators are given and guaranteed the right to be tried, if they be tried at all, in and by an impartial jury of Meigs county and only Meigs county, the county in which the offense charged in the indictment is alleged to have been committed, by reason of their rights set forth in Section 10, Article I of the Constitution of Ohio, which provides that, ''In any trial, in any court, the party accused shall be allowed

\* \* \* a speedy public trial by an impartial jury of the county in which the offense is alleged to have been committed,'' and that a transfer of the cause to any other county without their consent would constitute a deprivation of their constitutional rights.

On November 10, 1948, the Court of Common Pleas, by its decision duly rendered, sustained the state's motion for change of venue and ordered relators to be tried in Perry county by a jury of Perry county in the Perry county Court of Common Pleas, of which the Honorable Earl D. Parker is judge as aforesaid, by designation.

Relators state further that the proof offered in support of the motion failed to show a fair and impartial trial could not be had in Meigs county; that the decision and order of the Honorable Earl D. Parker, judge, was an abuse of the discretion of such judge and court; and that if Section 13427-1, General Code, and related sections of the General Code are to be construed as granting to and conferring upon the state the right to move for and obtain a change of venue in criminal cases involving offenses for which the penalty provided is imprisonment in the penitentiary, then such sections are contrary to the provisions of Section 10, Article I of the Ohio Constitution and are unconstitutional and null and void and of no effect whatsoever.

Relators state further that they have no adequate remedy at law and pray that an alternative writ of prohibition be issued by this court, prohibiting the respondents, the Court of Common Pleas of Perry county and the Honorable Earl D. Parker, as judge of such court, from hearing or determining the case or any matter in connection therewith, or proceeding any further therein towards trying the relators on the

indictment filed therein, pending final hearing and determination of this action, and that on final hearing this alternative writ of prohibition be made permanent and perpetual and for such other relief to which they may be entitled.

To this petition the respondents filed a demurrer, in which they state that the respondents, the Court of Common Pleas of Perry county, and Earl D. Parker, as judge of such court, sitting by assignment, demur to the petition in prohibition in this cause for the reason that the allegations thereof do not constitute a cause of action.

Issue is made by this demurrer and the question thereby presented is whether the facts stated in the petition warrant the issuance of this writ of prohibition.

In consideration of this matter it is necessary for this court to pass upon two questions: (1) Do the accused, since they objected to the change of venue from Meigs county, where the alleged crime was committed, to Perry county, have the right under the Constitution to be tried only in Meigs county? (2) Is prohibition the proper remedy?

Section 10, Article I of the Constitution of Ohio provides:

"In any trial, in any court, the party accused shall be allowed * * * a speedy public trial *by an impartial jury of the county in which the offense is alleged to have been committed.*" (Italics ours.)

Section 13427-1, General Code, provides:

"If it appear to the court, by affidavit or evidence in open court, that a fair and impartial trial cannot be had in the county where a cause is pending, such court shall order that the accused be tried in any county of the state; and thereupon the clerk of the court of the county in which the cause is pending shall

make a certified transcript of the proceedings in the case, which, with the original indictment or information, he shall transmit to the clerk of the court of the county to which said case is sent for trial, and the trial shall be conducted as if the cause had originated in the latter county.''

Section 13427-1, General Code, clearly gives the right of change of venue upon application of the state if the court hearing the application finds that the state cannot get a fair and impartial trial in the county where the offense was committed.

Prior to the constitutional amendments of 1912, the Constitution provided for trial by a jury of the county or district in which the offense is alleged to have been committed, and it has been held that the word "district" meant not a judicial district, but the vicinity of the county in which the crime was alleged to have been committed, and it was so construed. (*State, ex rel. Snell, v. McCarty, Judge,* 52 Ohio St., 363, 39 N. E., 1041, 27 L. R. A., 534.)

Also, in *State, ex rel. Hornbeck, Pros. Atty., v. Durflinger,* 73 Ohio St., 154, 76 N. E., 291, we find the following:

"*Change of venue in criminal cases—May be had upon application of prosecuting attorney on behalf of state, when—Section 7263, Revised Statutes, not repugnant to Section 10, Article I, Ohio Constitution.*

"1. Under authority of Section 7263, Revised Statutes, regulating the change of venue in criminal cases, the court having jurisdiction of the cause in the county of the offense, if it be made to appear to the court that a fair and impartial trial cannot be had therein, may, upon application of the prosecuting attorney on behalf of the state, direct that the cause be tried in an adjoining county.

"2. Said section thus construed, is not repugnant to Section 10 of Article I of the Constitution of Ohio." (Decided Dec. 22, 1905.)

In consideration of the early history of the change of venue, it is stated:

"In England it seems well settled that, where an impartial trial cannot be had in the county where the indictment is found, a change of venue may be made to, or at least the jury may be drawn from, another county upon the motion of the prosecutor. *Rex* v. *Harris* (1762), 3 Burr., 1330, 97 Eng. Reprint, 858." 80 A. L. R., 355.

However, the constitutions of the various states of the Union relative to the change of venue are not uniform.

In 56 American Jurisprudence, 54, Section 51, we find the following:

"Validity of Statute Authorizing. The Constitutions of several states expressly or impliedly authorize the legislature to pass statutes providing for a change of venue on the application of the state; others by their express terms or by necessary implication withhold power to change the venue from the county where the crime was committed over the objection of the accused. In the absence of any constitutional stipulation as to the place of trial of persons accused of crime, the legislature's power to authorize changes of venue at the instance of the state usually is questioned as a violation of provisions of the bill of rights in the local Constitution guaranteeing the inviolability of the right to trial by jury, or guaranteeing the accused speedy trial by impartial jury of the county or district in which the offense was committed, or by an impartial jury of the vicinage. With reference to the power of the legislature in view of such provisions there is considerable conflict of opinion."

Since the constitutional amendments of 1912, we find in *State* v. *Chalikes,* 122 Ohio St., 35, 170 N. E., 653, the following:

"2. A statute which attempts to provide the place of trial of an offense for which a jury may be demanded in a county other than that in which the offense was committed is violative of Section 10 of Article I of the Constitution of Ohio, and, to that extent, is void."

It has been claimed on behalf of the state that the right to change the place of trial without the consent of the accused should be sustained on the ground of necessity. It is said that owing to local prejudice or excitement it is impossible to procure a jury in the county legally competent to try the offenders, who are objecting to a change of the venue of the trial and may prevent themselves from being tried at all. This argument might be entitled to great weight in construing doubtful language, but the language of the Constitution is clear, concise and without any doubt as to its meaning.

This court has read practically all the cases cited under the general law on this subject and the holdings of the various states are not uniform, but we do find that the greater weight of authority is to the effect that under a constitutional provision similar to ours, the state has not the right to a change of venue in criminal cases over the objection of the accused.

It is, therefore, the opinion of this court that Section 13427-1, General Code, so far as it provides for a change of venue upon application of the state without the consent of the accused is unconstitutional.

The second question to be considered is whether prohibition is the proper remedy. It is claimed by the respondents herein that there is an adequate remedy at law by taking exceptions at the hearing in Perry county and appealing therefrom. This would cer-

tainly be a cumbersome procedure and in our opinion is not an adequate remedy at law.

We find in *State, ex rel. Nolan,* v. *ClenDening,* 93 Ohio St., 264, 112 N. E., 1029, the following:

"1. Under the Ohio Constitution of 1912 the writ of prohibition was added to the original jurisdiction of the Supreme Court.

"2. The writ of prohibition is a high prerogative writ, to be used with great caution in the furtherance of justice and only where there is no other regular, ordinary and adequate remedy.

"3. The writ may be invoked against inferior courts or inferior tribunals, ministerial or otherwise, that possess incidentally judicial or *quasi*-judicial powers, to keep such courts or tribunals within the limits of their own jurisdiction.

"4. If such inferior courts or tribunals, in attempting to exercise judicial or *quasi*-judicial power, are proceeding in a matter wholly or partly outside of their jurisdiction, such inferior courts or tribunals are amenable to the writ of prohibition as to such *ultra vires* jurisdiction."

Later, in *Weenink & Sons Co.* v. *Court of Common Pleas of Cuyahoga County,* 150 Ohio St., 349, 82 N. E. (2d), 730, we find:

"1. The purpose of the remedy of prohibition is to keep inferior courts within the limits of their own jurisdiction, and to prevent them from encroaching upon the jurisdiction of other tribunals."

Also, on page 354 of the above cited case, we find:

"In 32 Ohio Jurisprudence, 568, Section 6, it is said:

" 'In Ohio the purpose of the writ [of prohibition] is to keep inferior courts within the limits of their own jurisdiction, and *to prevent them from encroaching upon the jurisdiction of other tribunals.*' " (Italics ours.)

Also, in 32 Ohio Jurisprudence, 570, Section 7, we find:

"The object of the writ being to restrain subordinate judicial tribunals of every kind from exceeding their jurisdiction, its use in all proper cases should be upheld and encouraged, since it is of vital importance to the due administration of justice that every tribunal vested with judicial functions should be confined strictly to the exercise of those powers with which it has been by law intrusted."

In view of these authorities, it is the opinion of this court that prohibition is the proper remedy.

In conclusion and for the reasons herein stated, it is the judgment of this court that the demurrer filed by the respondents is hereby overruled and in the event that respondents do not decide to plead further, the alternative writ heretofore issued out of this court be made permanent, as prayed for in relators' petition.

*Judgment accordingly.*

PUTNAM, P. J., and MONTGOMERY, J., concur.