THE STATE OF OHIO, APPELLEE, *v.* ATKINSON, APPELLANT.

(No. 39255—Decided November 10, 1965.)

20

*Mr. Paul J. Mikus,* prosecuting attorney, and *Mr. Joseph R. Grunda,* for appellee.

*Mr. Robert J. Corts,* for appellant.

HERBERT, J. The question here is whether the indictment may withstand defendant's motion attacking its validity.

Section 2941.04 of the Revised Code, in part, sets out in clear and unambiguous language the limitations upon the charging of two or more different offenses in an indictment, as follows:

"An indictment or information may charge *two or more different offenses connected together in their commission, or different statements of the same offense, or two or more different offenses of the same class of crimes or offenses,* under separate counts, and if two or more indictments or informations are filed in such cases the court may order them to be consolidated." (Emphasis added.)

The prosecuting attorney, speaking against the motion of the defendant questioning the joinder, said:

"These counts are, in a way, related because count number three *arose out of the investigation of counts one and two.* When they brought this defendant, Lamont Atkinson, in on a minor charge of a traffic violation, they then proceeded out to his

car and in the car found the checks and found this particular * * * [blackjack].

"* * *

"* * * That is set forth in count number three [concealed weapons]. So, without that explanation, *they may seem unrelated,* but they are related.

"This is apparently part and parcel and a method of operation that this defendant engaged in." (Emphasis added.)

The court overruled defendant's objection to the joinder of the three counts in the indictment.

This proposal or argument of the prosecuting attorney would create a new category or classification of offenses that may be joined in an indictment under the heading of "Offenses Connected in their Discovery." The statute does not make any such provision nor does the record itself show any connection between counts one and two and the third count in the acts or conduct of the defendant.

Section 2941.04 of the Revised Code codifies the common-law rule. See *Bailey* v. *State* (1854), 4 Ohio St. 440. Consequently, the joinder in the indictment at bar is repugnant to both the common law as well as the statutory law.

To clarify the joinder issue here presented, Section 2941.04 of the Revised Code may be broken down into three general areas of crimes that may be joined in a single indictment, to wit:

(1) Two or more different offenses connected together in their commission;

(2) Different statements of the same offense;

(3) Two or more different offenses *of the same class of crimes or offenses.*

It is conceded by the trial court and counsel that count No. one and count No. two involving the checks may be joined in one indictment. There is no proof or evidence of record of any connection between the check counts and the blackjack count in the commission of any offense.

The check counts and the concealed weapons count are of different classes. Section 2913.01 of the Revised Code is confined to forgery or counterfeiting. Carrying a concealed weapon is among the offenses against society. It is in no way con-

22

nected with forgery. The use of a blackjack in the commission of a crime connotes violence, whereas the commission of the offense of forging a check or uttering a forced instrument negates violence but indicates conduct calculated to allay suspicion.

When a statute states specific areas of proper joinder, a joinder that fails to fall within such areas is improper. *Commonwealth* v. *Phoenix Amusement Co., Inc.* (1931), 241 Ky. 678, 683, 44 S. W. 2d 830; 42 Corpus Juris Secundum 1111, Section 161.

It follows that the joinder in the indictment here of two counts charging forgery and uttering a forged instrument with another count charging the carrying of a concealed weapon is contrary to the provisions of Section 2941.04 of the Revised Code and is error prejudicial to the rights of the defendant.

Defendant claims also that the trial court committed error when it overruled defendant's motion to suppress the evidence allegedly obtained as a result of an unlawful search and seizure. The record does not indicate that this motion was filed or brought to the attention of the court before the trial commenced. The disposition of this claimed error under the present state of the record is not necessary as the judgment is reversed, and a new trial will result. At that time the defendant, if he so desires, may perfect his record in order to present the question of search and seizure. See *State* v. *Davis* (1964), 1 Ohio St. 2d 28.

For the reasons set out herein, the judgment of the Court of Appeals is reversed, and the cause is remanded to the Court of Common Pleas for further proceedings according to law.

*Judgment reversed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, SCHNEIDER and BROWN, JJ., concur.