THE STATE OF OHIO, APPELLEE, *v.* LOUCKS, APPELLANT.

(No. 268—Decided May 21, 1971.)

*Mr. James A. Bennett,* for appellee.

*Messrs. Moore & Wolfe* and *Mr. John Wolfe,* for appellant.

GRAY, J. Thomas Loucks was charged by the grand jury of Gallia County with uttering and publishing with intent to defraud a check which he knew to be forged and counterfeited. He was convicted on a jury trial. Feeling aggrieved by the judgment of the trial court he filed his notice of appeal and assigned the following errors:

"Assignment of error No. 1. The court erred in finding the defendant guilty despite the fact that no venue was proved.

"Assignment of error No. 2. The court erred in admit-

ting evidence offered on behalf of the state of Ohio to which defendant objected.

"Assignment of error No. 3. The judgment and finding of the court is not sustained by sufficient evidence.

"Assignment of error No. 4. The court erred in not granting the defendant's motion for a new trial."

Defendant, in his first assignment of error, raises a question courts frequently encounter.

It is our opinion that defendant waived his right to raise the question of venue under the circumstances of this case. The record shows that this matter was not raised until the case was lodged in the Court of Appeals.

Defendant was represented by counsel in the Court of Common Pleas of Gallia County. He filed no motion to quash the indictment on the basis that the venue was improper. The record also shows that he was represented by counsel throughout this case and was so represented on arraignment in the Municipal Court. In that court, no objection to venue was made. In both lower courts he entered a plea of not guilty. He submitted to trial before a jury in the Court of Common Pleas of Gallia County without objection. He filed no motion in arrest of judgment. At the time of sentencing he did not advise the court of any reason why judgment should not be pronounced upon him.

Section 10, Article I of the Ohio Constitution, states, in part, as follows:

"* * * In any trial, in any court, the party accused shall be allowed to appear and defend in person and with counsel; to demand the nature and cause of the accusation against him, and to have a copy thereof; to meet the witnesses face to face, and to have compulsory process to procure the attendance of witnesses in his behalf, and a speedy public trial by an impartial jury of the county in which the offense is alleged to have been committed * * *."

The right to urge the error that the prosecution did not properly prove venue cannot be advanced for the first time in the Court of Appeals. See *State* v. *Duhng* (1970), 21 Ohio St. 2d 13.

It is the well settled law of Ohio that all questions which

the parties could waive were to be deemed to have been waived if such questions were not presented at an appropriate time in an appropriate manner in the trial court. The cases clearly show that it was not the intention of the courts of Ohio that a party to an action, hoping for a favorable decision, might submit to trial and have the case proceed to judgment without raising a waivable objection, and then, in the event of an unfavorable decision, be permitted to obtain a new trial by raising the question for the first time on appeal. *Queenan* v. *Oklahoma* (1902), 190 U. S. 548. 3 Ohio Jurisprudence 2d 38, Appellate Review, Section 185. Defendant cannot invite error and take advantage of that situation when he did not give the trial court an opportunity to pass upon the claimed error.

The constitutional provision relied on by the appellant is found in the Bill of Rights, that portion of our Constitution which guarantees certain rights and privileges to the individual. This same section, which guarantees to the individual accused of crime the right to a public trial in the county in which the offense is committed, also provides that the accused shall have the right to a trial by jury, the right to be heard by himself and counsel, the right to demand the nature and the cause of the accusation against him and to have a copy thereof, and the right to meet witnesses face to face. All the rights guaranteed by this section of the Constitution are solely for the benefit of the accused. Ordinarily, an individual may waive any right provided for his benefit by contract, by statute or by the Constitution. So, a person prosecuted for a crime may waive the rights guaranteed to him by Section 10, Article I of the Constitution of the State of Ohio.

It will not be contended that a person accused of crime may not waive his right to a trial by jury, his right to be heard by himself and counsel, or his right to meet the witnesses face to face. He waives his right to meet the witnesses face to face by taking their depositions to be read at the trial. He may waive his right to trial by jury and agree to trial by the court. He may waive his right to be heard by himself and counsel. He may waive his right to a trial

as to his guilt by pleading guilty. Yet all these rights of the accused are guaranteed in the same words and in the same sentence of the Constitution as is his right to a trial in the county where the offense was committed. We can perceive no reason why this latter right may not also be waived by the accused.

21 American Jurisprudence 2d 418, Criminal Law, Section 401, says:

"An accused's right as to place of trial, arising under statutory or constitutional provisions expressly granting or guaranteeing to persons accused of crime the right to be tried in, or by a jury of, the county or district in which the offense was committed or is alleged to have been committed, is a personal privilege which may be waived. Venue may be waived by failure to make the objection at or before the trial, preventing raising of the question for the first time on appeal."

To the same effect see 1, Bishop's New Criminal Procedure (2 Ed.), 24. 4 Wharton's Criminal Law and Procedure 95, Section 1508, states:

"The constitutional right to be tried in the county in which an offense is committed is a personal privilege which may be waived."

See *State* v. *DiPaolo* (1961), 34 N. J. 279, 168 A. 2d 401, certiorari denied, 368 U. S. 880.

22 Corpus Juris Secundum 434, Criminal Law, Section 176.

The United States Supreme Court in *Singer* v. *United States* (1964), 380 U. S. 24, at page 35 said:

"* * * although he can waive his right to be tried in the state and district where the crime was committed, he cannot in all cases compel transfer of the case to another district * * *."

When the accused takes a change of venue from the county he thereby waives his right to be tried in the county where the offense was committed and by his consent confers on the court to which the venue is changed the right to try the case.

In speaking of the venue of an action or the place of

trial, courts often speak of the jurisdiction of the court to try the case. In so using the word "jurisdiction" in connection with the matter of place of trial or venue the courts are speaking of the jurisdiction of the particular case and not of the jurisdiction of the subject matter.

"* * * The word 'venue,' unless it is given jurisdictional effect by localizing the action, relates only to the place where or the territory within which either party may require the case to be tried, and unless it is a localized action, the question of jurisdiction of subject matter is not involved." 21 Corpus Juris Secundum 33, Courts, Section 15.

The record does not show that venue was in another county. In fact, the persons and places named must have sounded familiar to defendant. Evidently defendant thought during the trial that the witnesses were talking about him and not some other person. He did not object at that time. When he took the stand to testify he did not say that the prosecution had the wrong man on trial. In fact, for his defense he indulged in the ploy of confession and avoidance. He said that a stranger he met in a restaurant gave him three "yellow jacket" pills which intoxicated him and then he wrote some checks on his wife's bank account in a Gallipolis bank. Previously she had closed the bank account without advising him of that fact, and he states that that is the reason the checks were returned marked "insufficient funds."

During the trial it is shown that a colloquy occurred between the prosecutor and defendant while defendant was on the witness stand. The subject matter of this conversation was the check, the subject of the indictment, and other bad checks that defendant had written. At that time, defendant did not deny the fact that the check was uttered and published in Gallia County. While no one stated flatly that the offense occurred in Gallia County there is enough evidence on this point considered with the waiver by defendant to take the case to the jury. The defendant, the court and jurors had personal knowledge of the places and persons named in the course

of the trial and if the jury had not recognized these places and persons it was its duty under the charge of the court to find defendant not guilty. Likewise, if the evidence had showed that the alleged offense occurred in another county it was the duty of the trial court to dismiss the action. The jury found defendant guilty of the offense charged and the trial court did not dismiss the action because of proof of improper venue.

The law imposes upon every litigant the duty of vigilance in the trial of a case, and where the trial court commits an error to his prejudice, he is required then and there to call the attention of the court to that error. A just regard to the fair administration of justice requires that an opportunity should be given the court to avoid the commission of error upon trial, and that when an error is supposed to have been committed, there should be an opportunity to correct it at once, before it has had any prejudicial consequences.

We start with the premise that venue requirements are an essential part of a case, and that a question of venue raises "deep issues of public policy in the light of which legislation must be construed." *United States* v. *Johnson* (1944), 323 U. S. 273, 276, 65 S. Ct. 249, 89 L. Ed. 236. See, also, *Travis* v. *United States* (1961), 364 U. S. 631, 81 S. Ct. 358, 5 L. Ed. 2d 340; *United States* v. *Gross* (C. A. 2, 1960), 276 F. 2d 816, certiorari denied, 363 U. S. 831, 80 S. Ct. 1602, 4 L. Ed. 2d 1525. Venue is important as a guaranty of the defendant's right to be tried in the vicinity of his alleged criminal activity, and venue requirements are imposed to prevent the state from choosing a favorable tribunal or one which may be unduly inconvenient for the defendant.

However, where, as here, a motion for a new trial is made on specified grounds which do not include any objection to venue, we think that objection has been waived. The specification of grounds in the motion is an indication that counsel has evaluated the record and has these particular reasons for his motion. His omission of venue from those reasons is similar to a general failure to move

for acquittal in spite of the government's failure to provide any substantial evidence to support the alleged venue. In the latter circumstances, the Sixth Circuit (Ohio) found the objection waived. *United States* v. *McMaster* (C. A. 6, 1965), 343 F. 2d 176, 181, certiorari denied, 382 U. S. 818, 86 S. Ct. 42, 15 L. Ed. 2d 65. Cf., *United States* v. *Michelson* (C. A. 2, 1948), 165 F. 2d 732, 734 (dictum), affirmed, 335 U. S. 469, 69 S. Ct. 213, 93 L. Ed. 168.

Other federal courts have found waiver where the defendant made a motion to acquit on specific grounds and did not mention venue. *Gilbert* v. *United States* (C. A. 9, 1966), 359 F. 2d 285, 288, certiorari denied, 385 U. S. 882, 87 S. Ct. 169, 17 L. Ed. 2d 109; *United States* v. *Brothman* (C. A. 2, 1951), 191 F. 2d 70, 72-73 (dictum). It is not unreasonable to expect the defendant to make some reference to the venue point in order to save his objection for appeal. The defendant filed a motion for a new trial alleging the following grounds:

"1. The verdict is not sustained by sufficient evidence.

"2. The court erred in admitting evidence prejudicial to the defendant, Thomas Loucks, over his objection.

"3. All other errors apparent on the face of the record to the prejudice of the defendant and by reason of which he was prevented from having a fair trial."

No memoranda were filed to support this motion. It is apparent that nothing was mentioned about venue. Therefore, defendant in failing to raise the alleged error in the trial court waived it. Where he moves to acquit without specification, we might assume venue to be included among his unarticulated disagreements with the conduct of the case, but where he does specify grounds for the motion and omits mention of venue we must conclude that he cannot be considered to have raised a question concerning the place of trial. Since there can be no doubt that defendant did move for a new trial on specific grounds, without mention of improper venue at that time, he waived any objection he may have had. No motion was made by defendant for an instructed verdict at the conclusion of the state's case nor at the conclusion of all the evidence.

In *Fouts* v. *State* (1857), 8 Ohio St. 98, defendant urged error in that he was not furnished a copy of the indictment before being put on his trial. The court, at page 103, said:

"* * * If a defendant in a criminal prosecution wishes to avail himself of such omission of duty on the part of the state, he must do it on motion before trial, or interpose it as an objection to being put on his trial, and show the omission on the record by bill of exceptions. This was not done in this case. The mere averment of the fact by the accused, in his motion for a new trial, or in his assignment of errors, cannot make the objection available, on writ of error. And it being of such a nature as to be a subject of waiver, if the party accused proceed to trial without making the objection, it is a waiver of the omission, and he cannot, after trial, interpose the objection to affect the validity of the proceedings on the trial. * * *"

It should be noted that this constitutional right claimed by defendant is one guaranteed by Section 10, Article I of the Ohio Constitution. It is contained in the same sentence as the one pertaining to venue.

In *Hoffman* v. *State* (1918), 98 Ohio St. 137, at page 146, the court said:

"* * * When there is no constitutional or statutory mandate, and no public policy prohibiting, an accused may waive any privilege which he is given the right to enjoy. * * *"

Recently, the Supreme Court of Ohio has reiterated this principle in *State* v. *Childs* (1968), 14 Ohio St. 2d 56.

Again, the Supreme Court in *Stacy* v. *Van Coren*, (1969), 18 Ohio St. 2d 188, said:

"* * * Constitutional rights, as any other rights, may be waived. As was said in *Yakus* v. *United States*, 321 U. S. 414, at 444:

" 'No procedural principle is more familiar to this court than that a constitutional right may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it. * * *'

"Thus, it has been held that an accused may waive the right to an indictment (*Ex parte Stephens*, 171 Ohio St. 323; *Smith* v. *United States*, 360 U. S. 1); right to counsel (*Johnson* v. *Zerbst*, 304 U. S. 458); right to public trial (*Singer* v. *United States*, 380 U. S. 24, 35); right to trial by jury (*Patton* v. *United States*, 281 U. S. 276, 290); and right to confrontation of witnesses (*Brookhart* v. *Janis*, 384 U. S. 1).

"It is, of course, well established that a waiver can be accomplished by acts or conduct as well as words. 16 American Jurisprudence 2d 328, Constitutional Law, Section 131. See, also, annotation in 137 A. L. R. 686, 687, where the following rule is found, and numerous cases are cited in its support:

"The courts have uniformly taken the view that an accused's right as to place of trial, arising under a constitutional provision expressly granting or guaranteeing to persons accused of crime the right to be tried in, or by a jury of, the county or district in which the offense was committed or is alleged to have been committed, may be waived."

We are of the opinion that venue is not an element of the offense charged. To prove our point, we must return to fundamentals. What is a crime? It is the "commission or omission by a person having capacity of any act which is either prohibited or compelled by law, and the commission or omission of which is punishable by a proceeding brought in the name of the government whose law has been violated. In some cases, crimes are defined in terms of their consequences, namely, that they are acts which are punishable at law because deemed injurious to the community or society." 1 Wharton, Criminal Law and Procedure, Section 10 (12th ed. 1957), at pages 11 and 12. Also, see Perkins, Criminal Law 6 (2d ed. 1969).

The crime denounced by R. C. 2913.01, upon which defendant was tried and convicted, was making and uttering a forged check with intent to defraud. That section of the Code says nothing about venue. That is something else. The elements of the offense, as defined by R C. 2913.01,

and the venue of the charge are two separate and distinct entities. The elements of the offense are only acts which are denounced by R. C. 2913.01, and for which punishment is provided. Venue is the place where the acts denounced by law occurred, and where the defendant may be tried for committing such proscribed acts. It is the position of the majority that defendant waived venue by failing to act when he had the opportunity to do so.

Venue is distinguishable from the elements constituting an offense against sovereign authority in that the act or failure to act on the part of the defendant determines whether a crime has been committed or not, while venue refers to geographical subdivisions and relates to *practice* and *procedure* and has nothing to do with the commission of acts constituting a crime or the merits of the case other than determining where the offense may be tried. 21 American Jurisprudence 2d 416, Criminal Law, Section 398.

Venue is not a commission or omission to act. It would be meaningless to say that defendant committed an act of venue.

The overruling of the motion for a directed verdict which defendant is complaining about is the type of motion generally made in any and all similar cases wherein the defendant urges that the state did not prove that he committed all the necessary acts constituting the crime with which he is charged. Under this motion defendant did not contend that the prosecution did not prove that venue was in Gallia County. If he had done so the state could easily have nailed down this point right then. From reading the record we are of the opinion that the advancement by defendant of the alleged failure to prove venue was an after thought. Defendant waived proof of venue.

It is our conclusion that defendant's contention regarding the failure of proof of venue should not be heard on this appeal, as it was not raised at his trial in the lower court.

We find no error prejudicial to defendant among those assigned and argued.

Therefore, the judgment of the trial court will be affirmed.

*Judgment affirmed.*

ABELE, P. J., concurs.

STEPHENSON, J., dissenting. I am not persuaded that the defendant herein is precluded, as a matter of law, from consideration by this court of the sufficiency of the evidence to establish venue in the trial court.

Thomas Loucks was charged in the Gallia County Common Pleas Court upon an indictment which provides in its material parts the following:

"* * * that Thomas Loucks * * * on the 5th day of January in the year of our Lord one thousand nine hundred and seventy at the County of Gallia aforesaid, then and there being, did, with intent to defraud, falsely make, forge and counterfeit a certain check of the purport and value as follows, to-wit:

"Gallipolis, Ohio Jan. 5, 1970 No.
"The Ohio Valley Bank Co.

Pay To the
    Order Of          Bonded Gas         $15.00
    Fifteen ................................. Dollars
    For Gas

"Monroe Sanders
and, with like intent to defraud did utter and publish as true and genuine said forged and counterfeited check, knowing it to be forged and counterfeited."

Upon a plea of not guilty, trial was had to a jury and a verdict of guilty returned. Sentence was imposed and a timely filed motion for new trial was subsequently overruled. Leave to appeal was granted by this court, and following are two of the four errors assigned:

"Assignment of error number one

"The court erred in finding the defendant guilty despite the fact that no venue was proved.

"Assignment of error number three

"The judgment and finding of the court is not sustained by sufficient evidence."

The majority opinion states the offense charged to be that of "uttering and publishing with intent to defraud a check which he knew to be forged and counterfeited. The indictment is drawn under R. C. 2913.01. Such section sets forth two separate and distinct offenses, the first of forgery of a check, or other instrument, and the second of uttering or publishing as true a forged check, or other instrument, both offenses requiring an intent to defraud. *Barker* v. *State* (1964), 328 F. 2d 582. This distinction between such separate offenses is carefully drawn by the standard Ohio criminal practice form books. Baldwin's Ohio Criminal Practice forms 13.01 through 13.06; Schneider's Ohio Criminal Code, forms 108 and 109. A defendant may properly be charged with both offenses in separate counts of the same indictment. See *State* v. *Atkinson* (1965), 4 Ohio St. 2d 19.

The obvious difficulty presented by this indictment is that it appears to charge both offenses in one count. An examination of the record reveals no question was raised at any point in the proceedings as to the nature of the offense charged. A further handicap is that the fact that the trial court's charge to the jury is not included in the record. Likewise, the form of the verdict of guilt returned by the jury provides "in manner and form as he stands charged in the indictment," although we note it is captioned at the top "Indictment for Forgery." The sentence was upon a single charge.

The briefs appear to be prepared on the basis that forgery alone was charged, I assume, therefore, that forgery alone was charged and review on that basis. In any event, whether the prosecution was on one or both charges, in my view the outcome of this appeal should be the same.

In any consideration of the problem of venue in a criminal prosecution in Ohio, it is necessary that fundamental principles be borne in mind.

Section 10, Article I of the Ohio Constitution, pro-

vides, in part, where imprisonment in the penitentiary may be a part of the penalty, that an accused has the right to "a speedy public trial by an impartial jury of the county in which the offense is alledged to have been committed."

Judge Fess, in *State* v. *Tannyhill* (1956), 101 Ohio App. 466, has stated in this respect, the following:

"The Constitution of Ohio declares that the right of trial by jury shall be inviolate (Section 5, Article I) and that in any trial in any court the accused has a right to be tried by an impartial jury of the county in which the offense is alleged to have been committed (Section 10, Article I, Constitution). The sole purpose is to guarantee the perpetuity of the institution of trial by jury as it had long existed at common law (*Inwood* v. *State,* 42 Ohio St. 186; *Belding* v. *State, ex rel. Heifner,* 121 Ohio St. 393, 169 N. E. 301) and thus preserved all its benefits to the accused in all criminal cases. *Work* v. *State,* 2 Ohio St. 296, 59 Am. Dec. 671. Accordingly, it is beyond the power of either the courts or the General Assembly to abridge or impair this right. *Work* v. *State, supra; Simmons* v. *State,* 75 Ohio St. 346, 79 N. E. 555; *Hoffman* v. *State,* 98 Ohio St. 137, 120 N. E. 234; *Helber* v. *State,* 37 Ohio App. 333, 174 N. E. 804; *State, ex rel. Hartinger,* v. *Court of Common Pleas,* 84 Ohio App. 241, 86 N. E. 2d 810."

The Ohio Supreme Court has rejected the contention that since Section 4, Article IV of the Ohio Constitution then in effect granted jurisdiction to Common Pleas Courts as provided by law (the 1968 revision continuing such provision, with a limitation as to review authority), such broad grant of jurisdiction defining the kind and character of causes which may be heard by the Common Pleas Courts allowed the General Assembly to place venue in a county in contravention of Section 10, Article I. *State* v. *Chalikes* (1930), 122 Ohio St. 35. It is, therefore, necessary not only that the indictment allege the offense to have occurred in the county of trial (*Knight* v. *State* (1896), 54 Ohio St. 365; *State* v. *Chalikes, supra*), but that proof be adduced by the prosecution that the offense occurred in the county to give the trial court jurisdiction of the particular offense

then before it. The second paragraph of the syllabus of *State* v. *Nevius* (1947), 147 Ohio St. 263, provides:

"A conviction may not be had in a criminal case where the proof fails to show that the crime alledged in the indictment occurred in the county where the indictment was returned."

See, also, *State* v. *Domer* (1964), 1 Ohio App. 2d 155; 15A Ohio Jurisprudence 2d 373, Section 151.

It would appear, therefore, that the majority view that venue in a criminal case is merely a personal waiveable privilege by an accused going only to jurisdiction of the person, is an over simplification, at least in Ohio, since authority to adjudicate is dependent upon an allegation of commission of the offense in the county in which the trial court sits, together with proof of such allegation.

The defendant herein pleaded not guilty. The plea of not guilty puts in issue every essential allegation of the offense charged and imposed upon the state the burden of proving each material allegation, beyond a reasonable doubt. See 15A Ohio Jurisprudence 2d 402, Section 197. The allegation as to venue, being a material allegation, was thus placed in issue below. The burden of the prosecution upon venue is, in Ohio, proof beyond a reasonable doubt. *State* v. *Dickerson* (1907), 77 Ohio St. 34.

The venue of the offense of forgery is in the county where the check was forged, and, in the offense of uttering and publishing a forged check, the county where the uttering occurred. *Lindsey* v. *State* (1882), 38 Ohio St. 507.

The difficulty of proof of venue in forgery cases is noted in *Cole* v. *State* (1963), 232 Md. 111, 116, 194 A. 2d 278, wherein it is stated:

"* * * The courts have long recognized the difficulty of proving by direct evidence the location where a forgery actually occurred, due to the very nature of the act itself. See Anno. 164 A. L. R. 621, 649-660. Justice Story long ago pointed out this difficulty in the case of *United States* v. *Britton*, 24 Fed Cas. 1239, 1241, No. 14, 650. 2 Mason 464 (1822), wherein he stated 'acts of this sort are not usually done in the presence of witnesses; but in places of

concealment, with a view to prevent detection; and it is rare that the government can offer any evidence of the place of the forgery, except that which arises from the fact of the utterance of the forged instrument.' Because of this obvious difficulty, courts have relied on various presumptions or inferences to permit a finding of proper jurisdiction and venue, in order to make prosecution possible. Usually these presumptions or inferences result from the defendant's possession or uttering of the forged instrument. Thus it has been said that 'when a forged instrument is uttered, or attempted to be uttered, it is presumed prima facie to have been forged in the county where it is so uttered, or the attempt made,' *State* v. *Douglas*, 278 S. W. 1016, 1022. (Mo. 1925.) See also *Commonwealth* v. *Leib*, 76 Pa. Super. Ct. 413 (1921), and cases cited. * * *

"* * *

"Other courts have recognized a similar presumption from the fact of the defendant's possession of the forged instrument. Thus it was said in *Spencer* v. *Commonwealth*, 2 Leigh 751 (Va. 1830), that 'possession of a forged instrument is prima facie presumptive proof that the forgery was committed at the place where such possession was first made known.' See also *Nix* v. *State*, 20 Okla. Crim. Rev. 373, 202 Pac. 1042, 26 A. L. R. 1053 (1922). Other authorities are not willing to state the proposition as a presumption of law but say that in the absence of other evidence, possession or uttering of a forged instrument by the defendant within the jurisdiction of the court is 'strong evidence' that it was forged therein. *People* v. *Winthrop*, Pac. 263 (Cal. App. 1928), and cases cited. Cf. *Conley* v. *United States*, 23 F. 2d 226 (1928), and *People* v. *Adams*, 132 N. E. 765 (Ill. 1921). Of course, even when the various presumptions are recognized, they can be overcome by evidence or circumstances to the contrary, *United States* v. *Britton, supra*."

There appears to be no Ohio case in point with these authorities. The rationale of the above authorities is, however, persuasive. Another important principle in criminal law with respect to venue is that venue need not be prov-

ed by express testimony, it being only necessary that the venue be proved by all the facts and circumstances in the case beyond a reasonable doubt. *State* v. *Dickerson, supra* (77 Ohio St. 34).

The bill of exceptions is short, consisting of 58 pages. It has been read and re-read in light of the venue requirement. I conclude, first, that the record is insufficient to predicate a presumption that the forgery was committed in Gallia County based upon an uttering and publishing in that county. Ivan Lee Beaver testified that he operated the service station and that it was at such place the check was presented to him. The residence address of Beaver is in the record, the location of the station is not. While there are references of "going up to the Bonded Service Station," without further explanation "going up" is meaningless.

Without reference to the presumption, one can only conclude that the evidence in this record is insufficient to justify a finding, beyond a reasonable doubt, that the offense occurred in Gallia County.

The defendant testified and claimed the check to be written by a third person and that such person wrote the check while sitting in an automobile outside of "Circle's Restaurant." The location of the restaurant is not further identified.

Reliance is placed by the state upon defendant's testimony that after "going up to the Bonded Station" he went to Huntington and then was "coming back to Gallipolis." While such statement may arguably have some evidentiary value, it is clearly not sufficient upon which to predicate a finding of venue beyond a reasonable doubt. In *State* v. *Trantham* (1969), 22 Ohio App. 2d 187, the court, in reversing for insufficiency of proof of venue, noted:

"The only evidence presented in this case in relation to venue is that the alleged crime was committed in a house next to Siebert Apartments in Perintown on U. S. Route 50. There is no evidence that Perintown, the house, Siebert Apartments or U. S. Route 50 is in Clermont County or the state of Ohio."

Unless there is a waiver herein of proof of venue, as found by the majority, the only reasonable conclusion that can be drawn from the whole of the evidence herein and the inferences fairly flowing therefrom is that it is insufficient to support a finding beyond a reasonable doubt with respect to venue, and the judgment must be vacated and reversed.

My colleagues find a waiver of venue in (1) a failure to make a motion for a directed verdict and (2) failing to complain as to venue in the motion for a new trial. With respect to the latter the record discloses that one ground of the motion for a new trial, overruled by the trial court, was that the judgment was not sustained by sufficient evidence.

Since the jurisdiction of the court to render a valid judgment is dependent on proof of venue, I cannot perceive how the failure to make a motion for a directed verdict is either an admission of venue or a waiver of such proof. Concededly, counsel by failing to make such a motion, which involves no weighing of the evidence, waives the right to claim, on appeal, that a directed verdict should have been entered but that and that only is waived. The question here is the sufficiency of the evidence upon the issue of venue and, as such, bears no relationship to a directed verdict. See *Rohde* v. *Farmer* (1970), 23 Ohio St. 2d 82.

R. C. 2945.79 provides statutory grounds for a new trial, and under paragraph (D) is the following:

"That the verdict is not sustained by sufficient evidence or is contrary to law * * *."

It should be observed that the statute does not require a specification as to what aspect of the case the evidence is insufficient to sustain the judgment.

The Ohio Supreme Court has stated in *Poske* v. *Mergl* (1959), 169 Ohio St. 70, that in passing upon a motion for a new trial upon the ground that the judgment is not sustained by sufficient evidence, *it is the duty of the trial court to review the evidence adduced during the trial, to pass upon the credibility of witnesses and weigh the*

*evidence.* As noted above, such a motion was filed in this case. Proof of venue is one of fact. *McConnaughy* v. *Alvis* (1955), 100 Ohio App. 245. It is immaterial whether, as has been held, that venue is a material element of every criminal offense (*Keener* v. *State* (1933), 15 Ohio Law Abs. 290), it is at least an *issue* in every criminal case requiring proof.

It should also be noted that even if a motion for a new trial had not been filed, the weight or sufficiency of the evidence in a criminal case is still reviewable on appeal. R. C. 2945.831. The evident purpose of this section, and its counterpart in civil matters, R. C. 2321.01, was to obviate the line of decisions requiring a motion for a new trial upon that ground before the issue could be raised on appeal.

Hence, the conclusion of the majority opinion that venue is waived because the motion for a new trial did not specify that the evidence was insufficient as to the issue of venue loses its force since the sufficiency of evidence upon the issue of venue, or any other issue in the case, can be raised upon review without any motion for a new trial.

I would reverse.