[Cite as *State v. Cornwell* , 2011-Ohio-1220.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PICKAWAY COUNTY

|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case No.  10CA7 |
| | : | |
| vs. | : | **Released: February 18, 2011** |
| | : | |
| DALE E. CORNWELL, | : | DECISION AND JUDGMENT |
| | : | ENTRY |
| Defendant-Appellant. | : | |

_____
APPEARANCES:

Michael D. Hess, Circleville, Ohio, for Appellant.

Judy C. Wolford, Pickaway County Prosecutor, and Matthew L. O'Leary, Pickaway County Assistant Prosecutor, Circleville, Ohio, for Appellee.

_____

McFarland, J.:

{¶1} Appellant, Dale Cornwell, appeals the judgment of the Pickaway County Court of Common Pleas finding him guilty of complicity to robbery, a felony of the second degree in violation of R.C. 2923.03 and R.C. 2911.02(A)(1) and petty theft, a first degree misdemeanor in violation of R.C. 2913.02(A)(1).  On appeal, he contends that he was denied his Sixth Amendment right to the effective assistance of counsel when the State failed to prove venue beyond a reasonable doubt, and his defense counsel neglected to move for an acquittal pursuant to Criminal Rule 29 at the close

of the State's case.  Because we find that venue was established beyond a reasonable doubt in the proceedings below, we affirm the judgment of the trial court.

## FACTS

{¶2} Appellant was indicted by a Pickaway County Grand Jury on October 2, 2009, on one count of complicity to robbery, a felony of the second degree in violation of R.C. 2923.03 and R.C. 2911.02(A)(1) and one count of petty theft, a first degree misdemeanor in violation of R.C. 2913.02(A)(1).  Appellant entered a plea of not guilty to the charges, and a trial on the matter took place in the Pickaway County Court of Common Pleas on December 14, 2009. The jury found Appellant guilty of the charges. On February 3, 2010, the trial court sentenced Appellant to a five year term of imprisonment on the complicity to robbery conviction, and a six month term of imprisonment on the petty theft conviction, to be served concurrently.  Appellant now appeals the jury's verdict, asserting the following assignment of error:

## ASSIGNMENT OF ERROR

"I.    MR. CORNWELL WAS DENIED HIS SIXTH AMENDMENT
       RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL
       WHEN THE STATE FAILED TO PROVE VENUE BEYOND A
       REASONABLE DOUBT AND DEFENSE COUNSEL
       NEGLECTED TO MOVE FOR AN ACQUITTAL PURSUANT TO
       CRIMINAL RULE 29 AT THE CLOSE OF THE STATE'S CASE."

LEGAL ANALYSIS

{¶3} In his sole assignment of error, Appellant contends that he was denied the effective assistance of counsel when the State failed to prove venue beyond a reasonable doubt and his trial counsel neglected to move for an acquittal pursuant to Crim.R. 29 at the close of the State's case. In order to demonstrate ineffective assistance of counsel, Appellant must meet two requirements. First, Appellant must demonstrate that counsel's performance was deficient by showing that counsel committed errors so serious that he or she was not, in effect, functioning as counsel. *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052. Second, Appellant must demonstrate that these errors prejudiced his defense. Id. In order to prove that counsel's deficient performance prejudiced Appellant's defense, Appellant must show that "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." *State v. Bradley* (1989), 42 Ohio St.3d 136, 143, 538 N.E.2d 373.

{¶4} Appellant grounds his ineffective assistance of counsel argument on the fact that his counsel below did not object to the State's failure to establish venue beyond a reasonable doubt. "The essence of venue is that at least one element of the offense charged occurred within the county in which the defendant is tried." *State v. Elliott*, Ross App No. 06CA2924, 2007-

Ohio-2178; citing, R.C. 2901.12(A). In all criminal prosecutions, venue is a fact that must be proven at trial unless waived. *State v. Beuke* (1988), 38 Ohio St.3d 29, 41, 526 N.E.2d 274. It is not necessary that the venue of a crime be proven in express terms if it is established beyond a reasonable doubt that the crime was committed in the county and state as alleged in the indictment. *State v. Dickerson* (1907), 77 Ohio St. 34, 82 N.E. 969, syllabus. Venue is not a material element of the offense charged because the elements of the offense and the venue of the matter are separate and distinct. *State v. Draggo* (1981), 65 Ohio St.2d 88, 90, 418 N.E.2d 1343.

{¶5} The right to urge the error that the prosecution did not properly prove venue cannot be advanced for the first time in an appellate court. *State v. Loucks* (1971), 28 Ohio App.2d 77, 78, 274 N.E.2d 773. However, failure to prove venue is a defect affecting a substantial right and is subject to review under the plain error doctrine. *State v. Woodson* (Feb. 11, 1998), Ross App. No. 97CA2306, 1998 WL 51606, at * 3.

{¶6} Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice. *State v. Phillips,* 74 Ohio St.3d 72, 80, 1995-Ohio-171, 656 N.E.2d 643, citing *State v. Long* (1978), 53 Ohio St.2d 91, 372 N.E.2d 804, paragraph three of the syllabus. Under a plain error

analysis, reversal is warranted only when the outcome of the trial clearly would have been different without the error. *Long*, supra.

{¶7} In the case sub judice, there was no error during Appellant's trial that clearly affected the outcome of the case. At trial, the victim testified that he had been in Columbus all day and received several calls from Appellant and his son requesting a ride. The victim agreed to pick them up at the Ohio Heights apartment complex and further testified that the acts of robbery and petty theft took place in front of apartment number 13 at the Ohio Heights apartment complex.

{¶8} Elizabeth Copley, who was a passenger in the victim's car, also testified at trial. She testified that she had fallen asleep in the car during the trip back to Circleville, and that she and the victim were going to the Ohio Heights apartment complex. Lolita Getman and Julia Pickering, residents of the Ohio Heights apartment complex and witnesses to the crimes, also testified at trial. Ms. Getman testified that she lived at 590 East Ohio Street, Apt. 11 at Ohio Heights. Ms. Pickering testified that she lived at 590 East Ohio Street, Apt. 14 at Ohio Heights.

{¶9} Appellant argues that because the words "Pickaway County" were never mentioned at trial that venue was not established. We disagree. By providing the exact street address, apartment number and name of the

apartment complex where the crimes occurred, the State provided the jury with enough evidence to determine the location of Appellant's offenses. See, *State v. Lewis*, Pickaway App. No. 09CA7, 2010-Ohio-130 at ¶ 10 (reasoning that testimony regarding the state route, mile marker and street name where the offense occurred was actually more precise than explicitly stating the name of the county where the offense occurred); relying on *State v. Matz*, Ashland App. No. 08COA021, 2009-Ohio-3048 at ¶ 16.

{**¶10**} Viewing this evidence in the light most favorable to the prosecution, any reasonable trier of fact could have found that the acts of complicity to robbery and petty theft the victim alleged took place in Circleville, Ohio and Pickaway County. Thus, venue in the case sub judice was proper.

{**¶11**} As such, we find that venue was properly established below. Further, we see no error in Appellant's trial counsel's failure to submit a Crim.R. 29 motion based on Appellee's failure to prove the same. Accordingly, we overrule Appellant's sole assignment of error and affirm the judgment of the trial court.

**JUDGMENT AFFIRMED.**

Kline, J., concurring.

{¶12} I concur in judgment and opinion except for the opinion's reliance on the plain error standard of review.

{¶13} Here, Cornwell has based his argument on ineffective assistance of counsel, and "[t]he prejudice required for ineffective assistance of counsel is somewhat less than that required for plain error." *State v. Richmond*, Greene App. No. 2005-CA-105, 2006-Ohio-4518, at ¶163. See, also, *State v. Huff*, Stark App. No. 2006CA00081, 2007-Ohio-3360, at ¶73 (Hoffman, J., concurring) ("The plain error test is higher or more difficult for a defendant to establish. While a finding of no prejudice in an ineffective assistance of counsel claim would necessarily preclude a finding of plain error based upon counsel's alleged ineffectiveness, the same does not apply inversely."). Nevertheless, for the reasons mentioned in the opinion, I would find that Cornwell's argument also fails under an ineffective-assistance analysis.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Pickaway County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.

Abele, J.: Concurs in Judgment and Opinion.
Kline, J.: Concurs in Judgment and Opinion with Opinion.

For the Court,

BY: _____
Judge Matthew W. McFarland

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**