THE STATE OF OHIO, APPELLEE, *v.* GARDNER, APPELLANT.

(No. C-860802 — Decided October 21, 1987.)

*Richard Castellini,* city solicitor, *Terrence R. Cosgrove* and *Chad C. Warwick,* for appellee.

*Robert K. Sachs* and *H. Fred Hoefle,* for appellant.

BLACK, P.J. In this appeal[1] we are presented with the central question of whether the absence of evidence proving venue is plain error. We hold that it is and that a conviction cannot be supported when the evidence is not sufficient to establish venue beyond a reasonable doubt, despite the failure of counsel to bring the insufficiency to the attention of the trial court.

Defendant-appellant, Thomas Gardner, was charged with assaulting the owner of a restaurant in violation of R.C. 2903.13, and he was convicted of that offense in a bench trial. We find in the transcript of proceedings testimony that the restaurant was located at "1412 Vine" across the street from the Red Horse Bar at "the corner next to Krogers," and that defendant lived at 28 East Thirteenth Street "right around the corner from Krogers." These are the only clues to the location of the offense, but they are not suffi-

[1] We have *sua sponte* removed this case from the accelerated calendar because we find that this court has not previously decided that the failure to establish venue

ciently unique to permit the conclusion that the restaurant was in Hamilton County, Ohio. The record is devoid of any other facts or circumstances from which reasonable minds could conclude beyond a reasonable doubt that the offense occurred in Hamilton County.

The failure to establish venue was not asserted by the defendant as error until this appeal, where it is the subject of the third assignment of error. Not having been called to the attention of the trial court, "the failure to demonstrate venue" may not be "noticed" unless it was plain error affecting a substantial right. Crim. R. 52(B).

It has been the Ohio law since 1907 that venue must be proved beyond a reasonable doubt in a criminal case. *State* v. *Gribble* (1970), 24 Ohio St. 2d 85, 53 O.O. 2d 222, 263 N.E. 2d 904; *State* v. *Nevius* (1947), 147 Ohio St. 263, 34 O.O. 210, 71 N.E. 2d 258, certiorari denied *sub nom. Nevius* v. *Ohio* (1947), 331 U.S. 839; *State* v. *Dickerson* (1907), 77 Ohio St. 34, 82 N.E. 969; *State* v. *Trantham* (1969), 22 Ohio App. 2d 187, 51 O.O. 2d 355, 259 N.E. 2d 752. It may be argued that venue is not an "essential element" of the offense because it is not one of the operative facts that make the accused's conduct a violation of a criminal statute. *State* v. *Loucks* (1971), 28 Ohio App. 2d 77, 86, 57 O.O. 2d 160, 165, 274 N.E. 2d 773, 779. It is beyond debate, however, that a conviction fails if the evidence does not establish venue beyond a reasonable doubt.

It is this mandated presence that persuades us that failure to prove venue is plain error. It falls within the definition of "[p]lain errors or defects affecting substantial rights." Crim. R. 52(B). We are not willing to follow the decision of our colleagues in the Fourth Appellate District in *State* v. *Loucks, supra,* in which they held that the establishment of venue is waived

---

may be reviewed as plain error under Crim. R. 52(B).

unless called to the attention of the trial court. The United States Supreme Court holds that it is a violation of due process to convict a person on insufficient evidence of all the essential elements of the offense, *Jackson* v. *Virginia* (1979), 443 U.S. 307, 316, and the rule in Ohio is that venue must be established with the same degree of proof as the criminal conduct.

In *State* v. *Truesdale* (Feb. 28, 1979), Butler App. No. CA78-05-0042, unreported, we held that defendant "waived venue" by not raising before trial the defect in the institution of the prosecution or the defect in the indictment. Crim. R. 12(B)(1) and (2), (C), and (G). In that case, however, the absence of venue was plain on the face of the indictment because "the grand jury's indictment, returned to the Court of Common Pleas of *Butler County,* charged that appellants committed aggravated trafficking at [sic] *Warren County,* Ohio [emphasis supplied]." *Truesdale, supra,* at 3. In the instant case, the charging document was without defect apparent on its face, and the failure occurred in the prosecution's evidence presented at the trial. That failure was the functional equivalent of a failure to prove one of the operative facts in the conduct constituting the violation of a criminal law, commonly called "an essential element."

The first assignment of error asserts that the conviction was not supported by sufficient evidence, and the second, that it was contrary to the manifest weight of the evidence. We find merit in both assignments of error because the evidence was insufficient to prove venue. We sustain all three assignments.

We reverse the judgment below and we discharge the defendant from the conviction of assault.

*Judgment reversed and defendant discharged.*

DOAN and UTZ, JJ., concur.