The STATE of Ohio

v.

**KIEFER.**

Hamilton County Municipal Court.

No. C–99–CRB–53655.

Decided March 14, 2000.

*Yvette Boykin,* Hamilton County Assistant Prosecuting Attorney, for plaintiff.

*Ronald C. Harris,* for defendant.

---

ROBERT TAYLOR, Judge.

A complaint was filed against defendant Brandon Kiefer alleging a violation of R.C. 4301.632. The case was set for trial on March 6, 2000. The state called the arresting officer as its only witness. At the close of the state's case, defendant made a motion for judgment of acquittal under Crim.R. 29.

 Under the test set forth in *State v. Bridgeman* (1978), 55 Ohio St.2d 261, 9 O.O.3d 401, 381 N.E.2d 184, the evidence is construed in a light most favorable to the state. If reasonable minds could reach different conclusions as to whether each element of the charged offense has been proven beyond a reasonable doubt, the motion must be denied.

R.C. 4301.632 provides that "no person under the age of twenty-one years shall * * * consume any beer * * * either from a sealed or unsealed container or by the glass or by the drink * * * in any public or private place." The uncontraverted testimony was that the defendant was a passenger in a vehicle that was lawfully stopped by the officer. There was a moderate to strong odor of an alcoholic beverage coming from the defendant's facial area, and his eyes were watery and bloodshot. The defendant gave the officer identification that indicated that he was twenty years of age. When asked if he had anything to drink, the defendant stated, "[Y]es, [I] had a couple of beers." The defendant was then arrested and transported to the sheriff's district station. The officer finally testified that the encounter took place in Hamilton County, Ohio.

 Based upon the above facts, the court finds that the state has proven each essential element of the charged offense. However, defendant's Crim.R. 29 motion was premised upon the fact that the state presented no evidence as to venue. Venue is the constitutional right to have a matter tried in the locale where the offense is said to have occurred. Section 10, Article I, Ohio Constitution. Crim.R. 18 provides that venue of a criminal case shall be provided by law, and R.C. 2901.12(A) provides: "The trial of a criminal case in this state shall be held in a court having jurisdiction of the subject matter, and in the territory of which the offense or any element of the offense was committed."

In *State v. Headley* (1983), 6 Ohio St.3d 475, 6 OBR 526, 453 N.E.2d 716, the Supreme Court held that "[a]lthough it is not a material element of the offense charged, venue is a fact which must be proved in criminal prosecutions unless it is waived by the defendant." See *State v. Draggo* (1981), 65 Ohio St.2d 88, 19 O.O.3d 294, 418 N.E.2d 1343; *State v. Gribble* (1970), 24 Ohio St.2d 85, 53 O.O.2d 222, 263 N.E.2d 904; *State v. Nevius* (1947), 147 Ohio St. 263, 34 O.O. 210, 71 N.E.2d 258; *State v. Dickerson* (1907), 77 Ohio St. 34, 82 N.E. 969. See, also, *State v. Chintalapalli* (2000), 88 Ohio St.3d 43, 723 N.E.2d 111.

The state presented no evidence as to where the defendant consumed the "couple of beers." There is no evidence in the record to support a finding that the defendant consumed beer in Hamilton County, let alone in the state of Ohio.[1] Accordingly, the final matter to be resolved is whether the defendant waived the issue of venue.

In the case of *State v. McCartney* (1988), 55 Ohio App.3d 170, 563 N.E.2d 350, the Summit County Court of Appeals held that a plea of guilty precludes a defendant from challenging the factual issue of venue. In *State v. Loucks* (1971), 28 Ohio App.2d 77, 57 O.O.2d 160, 274 N.E.2d 773, the Court of Appeals for Gallia County held that when a defendant fails to raise an objection as to venue prior to trial, the defendant's right to raise an objection that the state did not prove venue is waived. This decision does not seem consistent with recent Supreme Court decisions regarding venue issues generally. In this appellate district, the First District Court of Appeals decided *State v. Gardner* (1987), 42 Ohio App.3d 157, 536 N.E.2d 1187, wherein the court found that there was a failure to prove venue "in the prosecution's evidence presented at the trial. That failure was the functional equivalent of a failure to prove one of the operative facts in the conduct constituting the violation of a criminal law, commonly called 'an essential element.'" *Id.* at 158, 536 N.E.2d at 1188. They were persuaded that failure to prove venue was plain error on appeal:

"We are not willing to follow the decision of our colleagues in the Fourth Appellate District in *State v. Loucks, supra,* in which they held that the establishment of venue is waived unless called to the attention of the trial court." *Id.*

In a case distinguishable by its facts, the First District Court of Appeals held that a defendant waived venue by failure to raise the issue before trial. *State v. Truesdale* (Feb. 28, 1979), Butler App. No. CA78–05–0042, unreported. In that case, the Butler County Grand Jury returned an indictment against the defendants, charging that they committed aggravated trafficking in Warren County, Ohio. "The arguable defense of lack of venue is thus apparent on the face of the indictment, placing the objection squarely within the ambit of Crim.R. 12(B)." The defendants did not raise the issue of venue until the state rested its case.[2]

---

1. The testimony of the arresting officer was that on the date of the offense, he was assigned to the patrol division in Green Township. The defendant was a passenger in a vehicle stopped for a traffic violation on Glenway Avenue near Bridgetown Road. The court takes judicial notice that this area of Hamilton County is about a twenty-minute drive from both the state of Kentucky and the state of Indiana.

2. The charging document in this case is a verified complaint filed by the arresting officer. That complaint alleged that the defendant "on or about December 17, 1999, in Hamilton

Crim.R. 12(G) mandates the consequence of that failure, namely, that any objection to venue must be deemed waived.[3]

The final case on point is *State v. Gentry* (1990), 61 Ohio Misc.2d 31, 573 N.E.2d 220, decided by the Hamilton County Municipal Court. The court made references to *State v. Loucks* and *State v. McCartney,* and then made the following determination: "The defendant has entered his plea of not guilty in this case, and has filed the motion to dismiss on jurisdictional grounds. Any challenge to the factual issue of venue is waived." (Emphasis deleted.) *Id.* at 34, 573 N.E.2d at 222. There is no further citation to authority in support of this singular position.

Based upon the foregoing, this court finds that by entering his plea of not guilty in this case, the defendant has not waived his right to require the prosecution to prove venue beyond a reasonable doubt.

The court finds defendant's Crim.R. 29 motion to be well taken, it is hereby granted, and the defendant is discharged.

IT IS SO ORDERED.

*Judgment accordingly.*

---

County and State of Ohio, did knowingly consume an alcoholic beverage being a person under 21 years of age * * * based on statement of defendant that he had a couple of beers."

3. Although the court of appeals found a waiver, that waiver could only preclude the defendant from objecting to the patent defect in the indictment, namely, Butler County versus Warren County. The state still would be required to prove venue beyond a reasonable doubt as to the proper county.