OPINION
Defendant-appellant Laszlo Bozso appeals from his conviction of four counts of tampering with evidence in violation of R.C.2921.12(A)(1). After finding Bozso guilty of all counts in a bench trial, the trial court sentenced Bozso to a one-year prison term on the first count and to community control with intensive supervision on the remaining three counts. Because the record conclusively establishes, as Bozso contends in his fourth assignment of error, that all the elements of the offenses of tampering with evidence occurred in Warren County, Ohio, the state has failed to prove venue beyond a reasonable doubt. Therefore, we reverse Bozso's conviction.
The state's evidence established that, on December 11, 1998, William Meister, a familiar figure to local police and courts, hired Bozso's limousine service. Bozso drove Meister and a fifteen-year-old female to a garage on Ridge Road in Hamilton County, where, as she testified, she began "posing" for Meister. While Bozso was seated next to her in the rear of the parked limousine, Meister took a number of Polaroid photographs of the juvenile in various stages of nudity. Meister gave the photographs to Bozso, who selected four to keep for himself. The juvenile testified that, the next day, she telephoned Meister asking that he retrieve the photographs from Bozso. Meister telephoned Bozso at his residence in Millvale in Warren County. He informed Bozso of his conversation with the juvenile and of her desire to have the photographs back as soon as possible. As a result of this telephone conversation, Bozso cut up the four photographs and flushed them down a toilet in his home.
On December 26, 1998, the juvenile's father confronted her, after learning that she was not at a friend's house that evening, as she had earlier told him. When she related her involvement with Meister, her father contacted the Madeira police. On December 27, 1998, Madeira police began an investigation. Having obtained a search warrant, they searched Meister's residence. No photographs of the juvenile were found. Police did, however, seize pictures of the partially clothed juvenile from a web site on Meister's computer labeled "Net Pet Junior." Subsequently, Madeira police obtained other photographs of the juvenile from Meister's friend and driver, Frank Burton, and from Meister's attorney.
During their interviews with the juvenile's father and Burton, the Madeira police learned of Bozso. In January 1999, Lieutenant Edward Christman telephoned Bozso's residence. Bozso's wife said that he was currently in Hungary. Lieutenant Christman told her that he needed to speak to Bozso regarding an investigation in which Bozso was a witness. On February 7, 1999, Lieutenant Christman met with Bozso. He admitted to Christman that he had received four photographs of the juvenile from Meister. He said that later, during their telephone call, Meister had told him that the juvenile was fifteen, and that immediately afterwards, he had cut up the four photographs and flushed all four down the toilet at his residence.
Because Bozso's fourth assignment of error determines the merits of this appeal, we address it first. Bozso contends that venue lies in Warren County, because it was there that he destroyed the four photographs which served as the basis for the tampering-with-evidence charges. In its brief, the state acknowledged, but neglected to respond to Bozso's argument, except to say in its statement of facts," * * * the defendant-appellant on his own decided to cut the photographs up and flush them down the toilet at his residence, which is located outside of Hamilton County."
R.C. 2921.12(A) provides in pertinent part, that,
 No person, knowing that an official proceeding or investigation is in progress, or is about to be or likely to be instituted, shall do any of the following:
 (1) * * * destroy * * * any record, document, or thing, with the purpose to impair its value or availability as evidence in such proceeding or investigation.
Pursuant to Section 10, Article I, of the Ohio Constitution, a criminal defendant is to be tried "in the county in which the offense is alleged to have been committed." The venue statute, R.C. 2901.12, confers subject-matter jurisdiction upon a trial court in the "territory of which the offense or any element thereof was committed." See, also, Crim.R. 18.
While venue is not an element of an offense, it must be proved by the state beyond a reasonable doubt. See State v. Headley (1983),6 Ohio St.3d 475, 477, 453 N.E.2d 716, 718, citing State v. Draggo
(1981), 65 Ohio St.2d 88, 418 N.E.2d 1343. As we held in State v.Gardner (1987), 42 Ohio App.3d 157, 158, 536 N.E.2d 1187, 1188, "It is beyond debate * * * that a conviction fails if the evidence does not establish venue beyond a reasonable doubt." Where the evidence is insufficient to prove venue, the judgment of conviction must be reversed and the defendant discharged. See id.
In his request for a bill of particulars, Bozso asked the state to identify the place where the challenged offenses were committed. The state did not file a response. At the completion of the state's case, Bozso moved for a judgment of acquittal pursuant to Crim.R. 29, on the ground that the state had failed to establish venue in Hamilton County. The undisputed evidence in the record is that Bozso destroyed the photographs at his residence in Warren County. Nonetheless, holding that venue was proper in Hamilton County, the trial court relied on the following provisions of R.C.2901.12:
 (A) The trial of a criminal case in this state shall be held in a court having jurisdiction of the subject matter, and in the territory of which the offense or any element of the offense was committed.
* * *
 (G) When it appears beyond reasonable doubt that an offense or any element of an offense was committed in any of two or more jurisdictions, but it cannot reasonably be determined in which jurisdiction the offense or element was committed, the offender may be tried in any of those jurisdictions. (Emphasis added.)
 (H) When an offender, as part of a course of criminal conduct, commits offenses in different jurisdictions, he may be tried for all offenses in any jurisdiction in which one such offense or any element thereof occurred.
The trial court observed that there was some evidence that Meister had called Bozso's residence from Hamilton County to inform him that an investigation was under way. Therefore, the trial court reasoned," * * * a key element — I guess all the elements are important, but a critical element that comes into play in the tampering statute is the purposely element; that is, somebody destroying evidence with purpose to impede an investigation." The court concluded that Meister's telephone call from Hamilton County satisfied an essential element of the tampering charges.
In State v. Headley, the Ohio Supreme Court, in affirming the appeals court's reversal of an aggravated drug trafficking conviction for failure to prove venue, noted that a telephone call from a drug supplier in Stark County to the defendant in an unidentified location was not sufficient to confer venue upon the Summit County court that had conducted the trial. The court observed that the place from which a telephone call is made by someone other than the defendant did not establish an element of the crime of trafficking under former R.C. 2925.03(A)(8). Because the only elements of the crime, verifiable by the record, occurred in Stark County, the court held that venue was improper in Summit County. See State v. Headley, 6 Ohio St.3d at 478,453 N.E.2d at 719-720.
Here, the state based its entire case on the testimony of the juvenile and the statements made by Bozso to Lieutenant Christman in the February 7, 1999, interview. Thus, the state contended that Bozso's knowledge of the investigation resulted from information conveyed by Meister in a telephone call received at Bozso's residence in Warren County. Lieutenant Christman testified that Bozso learned from Meister's call that the juvenile was fifteen. Bozso told Lieutenant Christman that he had thought she was eighteen or nineteen. Bozso said he then had destroyed the photographs by cutting them up and flushing them down the toilet at his residence. The fact that the telephone call may have been initiated by Meister in Hamilton County has no relation to an element of the tampering-with-evidence offense and is insufficient to establish venue. How Bozso received knowledge of the investigation is immaterial. His destruction of the photographs occurred in Warren County, which is where the elements of the crime occurred.
The trial court also concluded that the corruption-of-a-minor charge, although dismissed, occurred in Hamilton County, and, therefore, provided the basis for venue pursuant to R.C.2901.12(H). Before the first witness was sworn, however, the prosecutor announced that the state would dismiss count five of the indictment, which charged Bozso with corruption of a minor in violation of R.C. 2907.04(A). The dismissal was journalized in the judgment entry. Venue was proper in Hamilton County for the corruption-of-a-minor charge against Bozso. Under Crim.R. 48(A), however, the effect of a dismissal is to return the state and the accused to their same positions before institution of the prosecution. See State v. Tankersley (Oct. 31, 1996), Cuyahoga App. Nos. 70068 and 70069, unreported. A dismissal entered before the commencement of the trial does not place the accused in jeopardy, and a subsequent prosecution for that offense is permissible. See State v. Johnson (1990), 68 Ohio App.3d 272,276-277, 588 N.E.2d 224, 227. Therefore, when the corruption-of-a-minor offense charged in the same indictment was dismissed before trial, it was no longer an available predicate to establish venue in the trial of the tampering-with-evidence charges. The fourth assignment of error is sustained.
We also sustain Bozso's third assignment of error, in which he contends that, as to the elements, the evidence was insufficient for his conviction on each count of tampering with evidence. A conviction will survive a challenge on grounds of sufficiency of the evidence if the record reflects substantial, credible evidence from which it can be reasonably concluded that all elements of the charged offense have been proven beyond a reasonable doubt. SeeState v. Waddy (1991), 63 Ohio St.3d 424, 430, 588 N.E.2d 819,825, certiorari denied (1992), 506 U.S. 921, 113 S.Ct. 338.
The evidence is undisputed that Meister photographed the juvenile in Bozso's limousine on December 11, 1998. The juvenile testified that she had contacted Meister the next day to retrieve the photographs from Bozso. When asked by the state, she testified that she did not then tell Meister of an investigation. It is also undisputed that the investigation began on December 27, 1998, the day after the juvenile's father had contacted the Madeira police.
When Lieutenant Christman conducted his interview with Bozso, he recorded it on videotape. At trial, he noted that the audio portion of the tape was inaudible, and testified, "Well, Bozso told me, a few days after this trip, Mr. Meister had called him and advised him of this investigation. * * * And Mr. Bozso said, on his own, he decided to cut the photographs in two, and he flushed them down the toilet at his residence." On cross-examination, when asked what he meant by "a few days after," Lieutenant Christman said, "A few days I would interpret sometime within a week or so." In this context, Bozso could not have known of an investigation that did not begin until December 27, 1998. Accordingly, there is a complete absence of proof that Bozso knew that an official proceeding or investigation was in progress when he destroyed the photographs — an element of the charged offenses. The third assignment of error is sustained.
We do not reach the merits of the challenges presented in the first or second assignments of error. Our disposition of the third and fourth assignments of error renders the remaining assignments of error moot. See App.R.12(A)(1)(c). For the foregoing reasons, we reverse the judgment of conviction and order that the defendant be discharged.
Judgment reversed and appellant is discharged.
 _________________________ GORMAN, Judge.
 HILDEBRANDT, P.J., and WINKLER, J., concur.