[Cite as *State v. Figgs*, 2016-Ohio-3519.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO | : | APPEAL NO. C-150361 |
| | | TRIAL NO. B-1403618-D |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| | | *O P I N I O N.* |
| ROLAND FIGGS, III, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed in Part, Sentences Vacated in Part, and Cause Remanded

Date of Judgment Entry on Appeal: June 22, 2016

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Timothy J. McKenna,* for Defendant-Appellant.

**CUNNINGHAM, Judge.**

{¶1}    Defendant-appellant Roland Figgs, III, appeals from his convictions and sentences for the home-invasion robbery of Keyur Patel and his girlfriend Stephanie Godsey, and for trafficking in marijuana.  Figgs admitted to frequently selling small amounts of marijuana.  Angered by his belief that Patel had stolen $2,000 from him, Figgs orchestrated the robbery of Patel and Godsey by codefendants Shay Juan Brewster and Ronald Morgan.

{¶2}    After a cookout at Patel's home, Figgs stepped outside to make a call. According to Figgs, he was accosted by two unknown men who forced him into Patel's home at gunpoint.  Godsey later identified Brewster as one of the intruders. Brewster and Morgan held everyone at gunpoint and took Patel's pistol and safe containing several hundred dollars, video games, phones, wallets, and Godsey's laptop computer.   Ultimately Figgs told police investigators, and testified at trial, that he had enlisted Brewster's assistance, but only to confront Patel over the theft of his currency.  He denied any involvement in the armed robbery.  Brewster cooperated with authorities and testified at trial that Figgs had planned the entire robbery.  Brewster stated that Figgs had offered to expunge his $300 debt if Brewster robbed Patel.

{¶3}    The trial court found Figgs guilty of the aggravated robbery and robbery of Patel, as alleged in Counts four and six of the indictment, and the aggravated robbery and robbery of Godsey, as alleged in Counts three and five, as well as firearm specifications for each aggravated-robbery offense.  The court also found Figgs guilty of trafficking in marijuana, as alleged in Count ten.  The court acquitted Figgs of additional counts of aggravated burglary and burglary.

{¶4}    The trial court imposed a four-year prison term for each of the two aggravated-robbery offenses.  Despite the state's recommendation at the sentencing

hearing, the court failed to merge the sentences for the remaining robbery offenses with the sentences imposed for aggravated robbery. Instead it imposed four-year prison terms for the two robbery offenses, and a ten-month prison term for marijuana trafficking. The court ordered these sentences to be served concurrently. The trial court also imposed two additional, three-year prison terms—one for each accompanying firearm specification—to be served consecutively and prior to the prison terms for the predicate aggravated-robbery offenses. The aggregate term was ten years.

{¶5}   In two interrelated assignments of error, Figgs challenges the weight and sufficiency of the evidence adduced to support his convictions for aggravated robbery and robbery. Figgs also argues that the state presented insufficient evidence to establish venue for any of the offenses in Hamilton County, Ohio.

{¶6}   Our review of the record fails to persuade us that the trial court, sitting as the trier of fact, clearly lost its way and created such a manifest miscarriage of justice that the convictions must be reversed and a new trial ordered. *See State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997). The trial court was entitled to reject Figgs' theory that, although he had admitted to police that he wanted to use Brewster to confront Patel, he had not participated in the robbery of Patel and Godsey.

{¶7}   The state presented ample evidence, including messages taken from Figgs' cell phone and Brewster's testimony, that Figgs had been in charge of planning the robbery, had told Brewster that to clear a preexisting debt with Figgs, Brewster could rob Patel, had instructed the two on how to gain access to the house and what items to seize, had told Brewster to make it look as if Figgs had no role in the robberies, and had told Brewster to bring a gun to the robbery. As the weight to be given the evidence and the credibility of the witnesses were primarily for the trier of fact to determine, the trial court, in resolving conflicts in the testimony, could

properly have found Figgs guilty of the charged crimes and thus did not lose its way. *See State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraph one of the syllabus.

{¶8} The record also reflects substantial, credible evidence from which the trial court could have reasonably concluded that the state had proved all elements of the charged crimes beyond a reasonable doubt, and had proved that Figgs had committed these offenses in Hamilton County, Ohio. *See State v. Conway*, 108 Ohio St.3d 214, 2006-Ohio-791, 842 N.E.2d 996, ¶ 36; *see also Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

{¶9} While Figgs failed to raise the issue of venue in the trial court, the failure to prove venue is plain error. *See State v. Gardner*, 42 Ohio App.3d 157, 158, 536 N.E.2d 1187 (1st Dist.1987). But at trial, the state adduced both express and circumstantial evidence from Patel that his home, the locus of the offenses, was located at 2874 Montana Avenue, on the west side of Cincinnati, and that he "believ[ed]" that the home was located in Hamilton County. In her direct examination, Godsey expressly, and without equivocation, stated that the Montana Avenue home was located in Hamilton County. Thus the record reflects substantial, credible evidence from which the trial court could have reasonably concluded that venue had been proved beyond a reasonable doubt. *See State v. Gribble*, 24 Ohio St.2d 85, 263 N.E.2d 904 (1970), paragraph two of the syllabus. The first and second assignments of error are overruled.

{¶10} In his final assignment of error, Figgs claims that the trial court should have merged his sentences for robbery with the sentences for aggravated robbery as allied offenses of similar import. He also argues that the two firearm specifications should have merged with each other. Finally, he claims that a community-control sanction would have more properly advanced the purposes and principles of felony sentencing.

{**¶11**} Figgs first argues that his convictions for the robbery of Godsey and Patel, alleged in Counts five and six, should have merged with the convictions imposed for the aggravated robbery of each victim, in Counts three and four respectively. Since, he contends, these offenses were committed neither separately nor with a separate animus, the trial court violated the requirements of Ohio's multiple-counts statute, R.C. 2941.25, by convicting him for both offenses. *See State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, paragraph one of the syllabus.

{**¶12**} The state concedes, as it did at the sentencing hearing, that the trial court should have afforded Figgs the protection of R.C. 2941.25 and imposed a single conviction for the two offenses committed against each victim. *See State v. Anderson*, 2012-Ohio-3347, 974 N.E.2d 1236, ¶ 41 (1st Dist.) (stating that the trial court's imposition of concurrent sentences is not the equivalent of merging allied offenses and is not harmless). We agree, and we must vacate the enhanced sentences imposed for Counts three and four, and the sentences imposed for Counts five and six. The predicate felony offenses must be merged for purposes of sentencing following the state's election of which offenses should survive. *See State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, paragraph two of the syllabus.

{**¶13**} Since we have vacated the sentences imposed for Counts three and four, we need not reach Figgs' next contention that the trial court should also have merged the firearm specifications accompanying each aggravated-robbery offense.

{**¶14**} Finally, Figgs argues that a community-control sanction would have more properly advanced the purposes and principles of felony sentencing. Having vacated the sentences imposed for the aggravated-robbery and robbery offenses, we review his contention only as to the ten-month prison term imposed for the marijuana-trafficking offense.

{¶15} The sentence imposed is within the permissible statutory range for fifth-degree felonies. *See* R.C. 2929.14(A)(5). From our review of the record, and from the trial court's remarks at the sentencing hearing, it is abundantly clear that the court considered the purposes and principles of felony sentencing and the factors relating to the need to impose a prison term. *See State v. Alexander*, 1st Dist. Hamilton Nos. C-110828 and C-110829, 2012-Ohio-3349, ¶ 23-24. We do not find that the imposition of a prison term for the marijuana-trafficking offense was clearly and convincingly contrary to law. *See* R.C. 2953.08(G)(2); *see also State v. White*, 2013-Ohio-4225, 997 N.E.2d 629, ¶ 14 (1st Dist.). Therefore, the third assignment of error is sustained in part, and overruled in part.

{¶16} Because, as the state concedes, the trial court violated R.C. 2941.25 when it convicted and sentenced Figgs for both an aggravated-robbery offense and a robbery offense as to each victim, we vacate the enhanced sentences imposed for Counts three and four, and the sentences imposed for Counts five and six, and remand the cause for resentencing. In all other respects, we affirm the trial court's judgment.

Judgment accordingly.

**HENDON, P.J.,** and **DEWINE, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.