[Cite as *State v. Robinson*, 2018-Ohio-4433.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-180153 |
| | | TRIAL NO. 17CRB-23139 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| SHYLO ROBINSON, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Municipal Court

Judgment Appealed From Is:  Reversed and Appellant Discharged

Date of Judgment Entry on Appeal:  November 2, 2018

*Paula Boggs-Muething*, City Solicitor, *Natalia S. Harris*, City Prosecutor, and *Christopher Liu*, Appellate Director, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Sarah E. Nelson*, Assistant Public Defender, for Defendant-Appellant.

**MOCK, Presiding Judge.**

{¶1}   In two assignment of error, defendant-appellant Shylo Robinson claims that he was improperly convicted of criminal damaging. We agree.

{¶2}   Robinson was charged after a fight with a woman that resulted in damage to her property.   The matter proceeded to a bench trial, after which Robinson was found guilty and sentenced accordingly.   During the course of the trial, however, no evidence was presented as to venue.   The only witness to testify was the woman whose property was damaged.

{¶3}   In his first assignment of error, Robinson claims that his conviction was based upon insufficient evidence.   In his second assignment of error, Robinson claims that his conviction was contrary to the manifest weight of the evidence.   In a challenge to the sufficiency of the evidence, the question is whether after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found all the essential elements of the crime beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.   In reviewing a challenge to the weight of the evidence, we must review the entire record, weigh the evidence, consider the credibility of the witnesses, and determine whether the trier of fact clearly lost its way and created a manifest miscarriage of justice.  *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997).

{¶4}   "It has been the Ohio law since 1907 that venue must be proved beyond a reasonable doubt in a criminal case."  *State v. Gardner*, 42 Ohio App.3d 157, 158, 536 N.E.2d 1187 (1st Dist.1987), citing *State v. Gribble*, 24 Ohio St.2d 85, 263 N.E.2d 904 (1970).   "Although venue is not a material element of a charged offense, the prosecution must nevertheless prove it."  *State v. Richardson*, 2016-

Ohio-8081, 75 N.E.3d 831, ¶ 25 (2d Dist.), citing *State v. Draggo*, 65 Ohio St.2d 88, 90, 418 N.E.2d 1343 (1981).

{¶5} Robinson claims that the failure to prove venue renders his conviction improper. The state concedes the error, and we agree. Without having proven venue, the state failed to establish an essential element of its case. Therefore, Robinson's conviction was based on insufficient evidence, and we sustain Robinson's first assignment of error. Because we have determined that Robinson's conviction was based on insufficient evidence, his claim raised in the second assignment of error that it was against the manifest weight of the evidence is moot, and we decline to address it.

{¶6} We reverse the judgment convicting Robinson of criminal damaging, and we hereby discharge him from further prosecution for that offense.

Judgment reversed and appellant discharged.

**MYERS** and **DETERS, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.